Judge Owsley
delivered the opinion of the court.
To recover the amount of a note purporting to have been executed the 28th May, 1811, by John P. Wagnon, Montgomery and John Beil, this action wap brought by Clay, in the court below, and on the trial of the general issue, he obtained a verdict and judgment for the amount of the note, interest and cost.
Various questions were made in the progress of the trial, blit as the whole of the evidence is spread upon the record by bill of exceptions,- we shall confine ourselves to the en-quiry whether the verdict is not contrary to evidence?
if every fact is admitted, which the evidence in any respect conduces to prove, the .principle ys.not perceived upon which Montgomery Bell can be subjected to this action.
The note is proven to have been executed by Wagnon, the principal; and the name of both the' Bells, in the absence of Montgomery, signed by John, as sureties, but, as there is a total absence of proof in relation to an authority from Montgomery to John to sign his name, the note when given was clearly not binding upon Montgomery.
It is true, at the time the note was executed, John and Montgomery are proven to. have been partners in a rope walk and store, but as the note in question, was signed by7 John as surety for Wagnon, and not on account of the partnership transaction, John did not, in consequence of the partnership, derive any authority to bind Montgomery.
But it is moreover proven that Montgomery, after the note was executed, and after being advised he' was not bound by it, gave assurances to Clay he would pay it, and hence it is contended, that by that assurance he has subjected himself to the action upon the note.
The doctrine contended for eaiinot, however, be admitted to prevail; for if the note was void as to Montgomery iifthe first instance, any subsequent assurance by him, as it would be undertaking to pay the debt of another, would, unless made irt writing, be against the obvious provisions of the statute of frauds, and as such would impose no liability on Montgomery. But if the assurance was made in writing, the writing itself would then form the ground of liability, and although an action might be sustained upon it, *258 Montgomery would not thereby be subjected to an actioif VP0n or'b*na^ n°te-
Whether, therefore, the assurance proven to have been niade by Montgomery to the defendant in error, was either ^ Paro^ or in writing, the jury erred in finding against him, and consequently a new trial ought to have been awarded.
The judgment must therefore be reversed with cost, the Cause remanded, and a new trial had, not inconsistent with this opinion.
The defendant in error, on the rendition of the foregoing opinion, prayed for and procured a rehearing of the cause, and it came on to be reargued on the 15th of June, 1818, when Judge Owsley delivered the following opinion of the court:&emdash;^
Upon a review of the opinion formerly delivered in this case, rve are still satisfied, that John Bell, merely as partner, derived no authority to bind Montgomery as surety for Wagnon in the note to Clay; but upon further consideration, we are inclined to the opinion that the evidence conduces, in some measure, to prove that John was authorised by Montgomery to subscribe his name to the note; and as the jury was the proper judges of the weight of the evidence, the court below properly refused to instruct them to find as in case of a nonsuit, and moreover, as the verdict accords with the justice of the case, decided correctly in refusing to award a new trial.
The former opinion and judgment of this court reversing the judgment Of the court below, must therefore be set aside, and the judgment of that court affirmed with cost and damages.