Opinion of the Court, by
Judge Mills.
THIS was an action of assumpsit, brought by Latham and Taylor against Head and Puckett, with one count *258 in the declaration for money had and received to the use of the plaintiffs. The jury found a verdict, and judgment was rendered for the appellees, and therefrom Head and Puckett have appealed.
Such record is admissible merely as a circumstance from which the jury may possibly draw an inference that the defendants in the present action are not liable.
Taylor and Latham had entered into a written contract with the defendant, Head, in which Head was bound to deliver 60,000 staves, all merchantable, in boats, at New-Orleans, as the appellees contended on the trial, the unavoidable dangers of the river excepted; but on the Cumberland river, as the appellants contended, for $1,920, or at some fixed price not certainly appearing in the record. Afterwards, while an attempt was making to prepare the boats and staves, Head procured one of the intended captains of the boats to attend at the house of Taylor, one of the plaintiffs below, and sign bills of lading to the whole amount of the staves, as if then on board the boats, in the river Cumberland, and by some means or other induced Taylor to give up and destroy the original contract, on Head’s executing an instrument to the following effect:
“ It is this day considered between Edward L. Head, and Jonathan Taylor and James Latham, that the said Head is to see the staves on board the boats, as designated in the bills of lading signed this day, and Taylor and Latham are to make him, the said Head, the payment of $1,920, in fifteen days from this time, in such paper as is current in the land-office at Shawaneetown, Illinois.”
This instrument was signed by Taylor, Latham and Head. Whether Puckett signed the original agreement does not appear. The bills of lading signed by the captain, declared the articles shipped for Taylor and Latham, both of whom resided at some distance from the landing where the boats were loaded.
The appellees paid about $1,600, to recover back which, this action was brought, the plaintiffs below contending that the original contract required the staves to be delivered in Orleans; that the acts of Head, in procuring the original contract to be given up, were all a stratagem and finesse; that the boats were not then loaded with the staves, and that they never were laden with staves, either of the quality or quantity stipulated; that what few staves were shipped, were afterwards sold on the river by the captain, at the order of Head, and never arrived at Orleans, except in the *259 hands of the vendees, and that the whole transaction was a species of swindling on the part of Head and Puckett, without any value. All these points appear to have been contested by the defendants below.
It is now assigned for error, that there is no venue laid in the declaration. It is too late, after verdict, to take this exception, even if it was tenable at an earlier stage in this transitory action.
The plaintiffs offered in evidence the receipt of the defendants below, acknowledging the receipt of the money which the action is brought to recover back, in the following words:
“ Received of Taylor and Latham sixteen hundred dollars, in part payment for staves, received by us this 13th November 1816.
Teste, (Signed) Edward L. Head.
A. M’Allister. John Puckett.”
The execution of this receipt was proved by the subscribing witness; but the defendants’ counsel objected to its admission, and excepted, without slating in his exception the grounds on which the objection was founded; and we are unable to perceive any, which he could state. The action itself being brought to recover back the money paid on a consideration which the appellees contended had failed, the receipt itself was certainly proper, and the best evidence, to show that the money was paid, which was an essential fact in the proof of the appellees.
The defendants tendered in evidence sundry receipts; signed by Scott and Taylor, two of the captains of the boats, given to one of themselves, and acknowledging the receipt of a large quantity of staves, on board of the boats. The appellees objected to their admission, as incompetent evidence against them, and the court sustained the objection and rejected these receipts, although it was proved that the man who signed them was dead. It was, no doubt, the object of the defendants below to prove that they had prepared and delivered the staves aboard of the boats in Cumberland river, especially as they contended that a delivery there, discharged their contract; but it was incumbent on them to prove the fact of delivery, and not that the officer of the boat said in writing that it was a fact. There does not appear to be any connexion between this officer and the appellees, or that he was authorised *260 by the appellees to receipt for them; and an acknowledgment in writing, by multitudes of individuals, to which the appellees were strangers, could not affect them. To subject the appellees to such evidence, would be making them submit to proof created by the writing of others, over which they had no control. Nor does the death of the writer make any difference. His writing was incompetent evidence against the appellees, while he was living, and his death did not affect its competency. His oath alone was admissible, while living; and if the appellants have lost that by his death, they have shared the frequent fate of suitors who lose their witnesses by death, after which their sayings or writings while living are inadmissible.
The plaintiffs offered in evidence sundry letters of the defendant, Head, urging the payment of the money, and detailing some circumstances relative to the staves. After the hand-writing was proved, the defendants still objected to the letters, as inadmissible; but the court admitted them, and the defendants excepted. The evidence of both parties was of a circumstantial character. Without reciting these letters, they detail matter from which, coupled with other facts proved, strong inferences might be drawn. For instance, one of them, which presses the demand for money, couples that matter with the intelligence that the boats were safely moored at New-Madrid; and the plaintiffs introduced evidence afterwards, conducing to show that the boats had been sold by the master, at the order or request of one of the defendants. The letters, therefore, we conceive, were properly admitted.
A deposition of the master or commander of one of the boats, who had signed the aforesaid bills of lading, taken in the state of Illinois, was offered by the plaintiffs below, and objected to by the defendants, but admitted by the court. The exception in this case does not show the ground of objection, and we are at a loss to discover any. The defendants had cross-examined the witness, and we cannot, in the record, discover any thing which goes to the competence of the witness, or shows the irrelevancy of the testimony, except the answers to some interrogatories put by the defendants themselves.
The defendants offered in evidence a record of the circuit court for Gallatin county and state of Illinois, *261 in an action on the case, where the plaintiffs in this action were plaintiffs, and Nimrod Scott defendant—the said Scott being the same master or captain of the boats who had signed the bills of lading when the original contract between the parties to this suit was destroyed. The record is that of a suit still depending, wherein no verdict or judgment had ever been rendered; and the declaration purports to be founded on a bill of lading for several thousand staves in the Cumberland river, probably part of the staves in controversy in this suit. To the admission of this record the plaintiffs objected, and the court sustained the objection, and the defendants excepted.
We see no objection to this record, on account of its authentication. In that respect, the act of congress regulating the authentication of such records, appears to be substantially pursued. The question, then, is, did it prove any fact relevant or pertinent to the present issue? As before observed, it was contended by the plaintiffs in this action, and evidence conducing to prove the fact, was by them adduced, that the contract did not terminate until the staves were delivered in Orleans, and that until then the staves were not their property; and that all the parade of bills of lading, acknowledging the receipt of staves, while neither quantity nor quality was in fact aboard, was all a mere device to get hold of the money, without paying any value for it. It was, on the contrary, contended that the contract was complete, and the property of the staves completely vested in the plaintiffs in this action, when the boats were loaded in Cumberland river, if they ever were so loaded; and that, from that period, the responsibility of the masters of the different boats was substituted for the responsibility of the defendants. If the truth of the matter was as contended for by the plaintiffs, it is evident their action was supported. If the defendants were right, it is equally evident, that although the defendants, or one of them, for the conversion of the staves on the river Mississippi, by a sale of them, might be subject to trover; yet neither of them might, for this tort, have been liable in this action of assumpsit. Circumstantial evidence, in this cause, occupied a considerable place; and any thing which tended to show that the plaintiffs claimed or relied on the responsibility of the masters of the boats, or either of *262 them, also tended in some degree to prove that they did not rely on that of the defendants in this action; and that this record had that tendency, there can be no reasonable doubt, and for that purpose ought to have been admitted by the court below. We do not mean to say, that this record is evidence of any fact which it speaks in its details, or that it is conclusive that the plaintiffs held the masters responsible, and claimed no responsibility of the defendants in this suit; but we conceive that the record is admissible to prove the fact that such suit was brought, and that, in that suit, the plaintiffs claimed and attempted to coerce the responsibility of one of the masters of the boats, for part of the staves in question; and that, for this purpose only, it ought to have been left to the jury, coupled with the other circumstances, to be either corroborated or repelled, as either party might be able to strengthen or refute it.
We, therefore, conceive that the court below erred in rejecting this record. For this reason alone, the judgment must be reversed with costs, and the cause remanded for new proceedings not inconsistent with this opinion.