Nov. Term,
1848.

McGRAGOR
v.
THE STATE.

---

McGRAGOR *v.* THE STATE.—In error.

An indictment for perjury, on an oath made before a clerk of the Circuit Court, must show that the oath upon which it was founded was one which the clerk was competent to administer; a general averment that the clerk had the competent power is insufficient.

THIS was an indictment for perjury. The indictment alleges that on, &c., the defendant came before the clerk of the *Madison* Circuit Court and made a certain affidavit in writing and therein did falsely, wilfully, and maliciously depose and swear that he, the defendant, was worth over and above all demands against him, 3,000 dollars in real estate, whereas in truth and in fact the said defendant, at the time he took said oath, was worth only the sum of 500 dollars in real estate; that said defendant well knew he was worth only the sum of 500 dollars; and that said clerk had lawful and competent power to administer the oath, &c.

A motion to quash the indictment was overruled.

There was then a trial under the plea of not guilty, which resulted in the conviction of the defendant, who was sentenced accordingly.

It appears, by a bill of exceptions, that the only evidence offered to prove the making of the affidavit described in the indictment, was an order made by the president judge of the *Madison* Circuit Court, in vacation, indorsed on the back of a certain bill in chancery, filed by one *Murdock McGragor*, and directing the clerk of said Court to issue an injunction pursuant to the prayer of the bill, on the complainant filing a bond in his office in the penalty of 4,000 dollars, with security to the acceptance of said clerk, and the statement of the clerk that the affidavit was made before him pursuant to said order.

This evidence was objected to by the defendant, on the ground that the case proved was one in which the clerk of the Circuit Court had no authority to administer the oath alleged to be false. We think this objection was well taken. The statute regulating the granting of injunctions requires that the bonds to be given shall be taken and approved by the Court, judge, or judges granting such injunctions. R. S. c. 46, ss. 130–2–3. That part of the duty of the Court or judge cannot, therefore, be delegated to the clerk,

But as the authority of clerks of the Circuit Courts to administer oaths is given by statute and limited to certain specified cases, we think the indictment is bad, as it does not show that the oath upon which it was founded was one which the clerk was competent to administer. The general averment that the clerk had the competent power is insufficient. That is an inference of law to be drawn from the facts stated, and which, in this case, is not warranted.

The judgment is reversed. Cause remanded, &c.