The ease, so far as the Court found it necessary to consider it, will fully appear from their opinion, drawn up by
Tenney, C. J.
Many defects in the indictment are relied upon, in the defendant’s argument, as being sufficient to sustain the demurrer thereto. We propose to consider oidy one, as being decisive of the question presented.
R. S. of 1857, c. 122, § 1, defines the crime of perjury. There must be some proceeding, matter or thing, to which the oath was taken; and, by the common law, the indictment must set it forth so as to exhibit its character and the jurisdiction of it by the Court or magistrate. State v. Hanson, 39 Maine, 337; State v. Thurstin, 35 Maine, 205. It must appear with certainty, from the indictment, that, at the time of the false swearing alleged, the tribunal which administered the oath, and before which the testimony was given, had jurisdiction of the matter in the trial of which the offence is charged.
It is alleged in the indictment, that a certain action of debt had been brought and was pending in the Supreme *218 Judicial Court, &c., and which afterwards, to wit,— on the twenty-fifth day of April, in the year of our Lord, 1857, was depending and on trial before Samuel W. Jackson and Robert Murray, who had been appointed by said Supreme Judicial Court, referees, to hear and determine, &c., and who accepted the trust, &c., and that heretofore, to wit,— on the twenty-fifth day of March, in the year of our. Lord, 1857, the said action being on trial, before said referees, at Damariscotta, &c., the said Plummer presented himself as a witness, &c, and was then and there duly and lawfully sworn in said cause, and took his corporal oath before the said referees, having jurisdiction of said action, that he would testify the truth, &c.
The twenty-fifth day of April, in the year of our Lord, 1857, is the earliest specified time alleged, that the action was depending and on trial before the referees, though it is stated, that they had teen appointed, &c, with no indication of the time of such appointment. So far, the indictment fails to charge that the referees had jurisdiction of the action at the time a trial took place, and the oath was administered to the defendant in the manner required by the authorities cited.
It is suggested in the argument for the State, that if the time of "the twenty-fifth day of April, in the year of- our Lord one thousand eight hundred and fifty-seven” should be stricken out, there may be sufficient allegations of jurisdiction in the referees, on the twenty-fifth day of- March, in the year of our Lord one thousand eight hundred and fifty-seven. The language, intended to show jurisdiction in the referees by an appointment by the Supreme Judicial Court, had relation to their power on April 25, 1857, to sit in the trial, and cannot be applied to March 25, 1857. The only allegation of jurisdiction of the referees over the matter, which was pending in the Supreme Judicial Court the day last named, is, "and took his corporal oath before said referees, having jurisdiction of said action.” The words, "the twenty-fifth day of April, in the year of our Lord one *219 thousand eight hundred and fifty-seven,” being stricken out, the indictment is fatally defective, according to doctrine of the adjudged cases, which have been cited.
Exceptions sustained. — Indictment adjudged bad.
Rice, Cutting, May, Goodenow and Davis, J J., concurred.