Morrell *v.* The People.

# LEWIS MORRELL

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL PLEADINGS — *indictment for perjury — its requisites.* In an indictment for perjury, not only the falsity, but the materiality of the fact sworn to must be averred.

2. It must also appear that the oath was administered by a person having competent legal authority.

3. And that the oath was made in a judicial proceeding, or on some other lawful occasion, or for such a purpose.

4. So where an indictment alleges the perjury to have been committed in swearing falsely to an affidavit for the continuance of a cause, in order to constitute the indictment sufficient, it must be averred that the cause of which the continuance was sought, was pending in the court; that an application for its continuance had been made; and that on the hearing of that application the affidavit was material; then it should be shown what facts sworn to in the affidavit are false, and assign the perjury.

5. PERJURY — *proof required.* To authorize a conviction for perjury, it is requisite that it should be proved that the person before whom the oath was taken, was authorized by law to administer it.

6. PRIMA FACIE EVIDENCE. Proof that the person who administered the oath, habitually acted in the capacity of a particular officer, is, perhaps, only *prima facie* evidence of the fact, but, until rebutted, it is sufficient, without producing his appointment or commission.

7. MOTION — *what constitutes.* An affidavit setting forth the facts upon which a continuance of a cause should be allowed, does not, of itself, constitute a motion for that purpose. The affidavit is only evidence of facts sought to be established in support of a motion.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

At the March term, 1863, Lewis Morrell was indicted in the court below, for perjury. The portion of the indictment material to be presented here, is as follows: The grand jurors, &c., "present, that Lewis Morrell, on the 19th of March, 1863, in the county of Marion, before Jacob O. Chance, clerk of the Marion Circuit Court, did then and there subscribe his name, and upon oath depose and say the statements contained in the

affidavit, he so then and there subscribed his name were true, said affidavit being a matter where by law an oath is required, to wit: an application for continuance of a cause then pending before said court, wherein the people were plaintiffs and said Lewis Morrell, defendant. Indictment for obtaining United States treasury notes under false pretenses. Jacob O. Chance, as clerk aforesaid, having competent and full authority by law to administer the oath to said Lewis Morrell, all the matters charged as false in said affidavit being material in the application for continuance of said cause, and material to the point in question in said affidavit. That among other things in the affidavit, the said Lewis Morrell unlawfully, willfully, corruptly, falsely and feloniously swore," etc., setting forth the facts sworn to, and assigning the perjury.

A motion to quash the indictment was overruled, and the cause came on for trial, which resulted in a verdict of conviction. A motion for a new trial was denied, and judgment was entered against the defendant upon the verdict of the jury. He thereupon sued out this writ of error, and now insists that the Circuit Court erred in refusing to quash the indictment, *first*, because it was not averred therein that the facts sworn to in the affidavit were material; *second*, because it was not averred that a continuance was granted upon said affidavit. The refusal to grant a new trial was also assigned for error, because there was no proof that Jacob O. Chance, who administered the oath to the defendant, was the clerk of the Circuit Court of Marion county.

Messrs. WILLARD & GOODNOW, for the plaintiff in error.

Mr. THOMAS S. CASEY, State's Attorney, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment for perjury, averred to have been committed in swearing to an affidavit for a continuance of a cause in the Marion Circuit Court. A motion was entered in the court below to quash the indictment, which was overruled

Morrell *v.* The People.

by the court. That decision, amongst other matters, is assigned as error. It is a familiar rule of pleading that not only the falsity, but the materiality of the fact must appear from the averments in the indictment. It must also appear that the oath was administered by a person having competent legal authority, and that it was made in a judicial proceeding, or on some other lawful occasion, or for such a purpose. If the indictment be defective in any of these particulars, it is insufficient, and should, on motion, be quashed.

The affidavit in this case appears to have been made with a view to an application for the continuance of a cause then pending in the court below. But it does not appear from the averments in the indictment that such a motion had been made, or was afterward interposed. Until such a motion was entered, this affidavit could not be material. If no such motion was ever made, it is not perceived how it could be material, in obtaining a continuance, or for any other purpose.

The averment in the indictment is this: "Said affidavit then and there being a matter where, by law, an oath or affirmation is required, to wit, an application for a continuance of a cause then pending before said court, wherein the people were plaintiffs and the said Lewis Morrell was defendant. Indictment for obtaining United States treasury notes under false pretenses." This is the only averment in reference to the proceeding in which the affidavit is supposed to have been made. It will be observed that there is an entire absence of averments, that a motion for a continuance was pending in the court, or that such a motion was afterward based upon the affidavit. This averment seems to imply that the affidavit was the motion for a continuance. It may have been the basis for such a motion, but it, in no sense, could have been the motion itself. Such affidavits are also used as evidence on the trial of the motion, in reference to which they are usually made. This is the principal and material office of such instruments. The application for a continuance is based upon the ground that the party is unprepared to proceed to trial, and an affidavit is generally the evidence of that fact, and it is material for that purpose. But

Morrell *v.* The People.

the application can be made, and the motion tried, without an affidavit or affirmation being made or filed.

Such an affidavit could, in no sense, be material on the trial of the case itself, as it could not be used, except by consent. Until such consent was obtained, the facts it contained could not be material to the issues involved in the case. Nor is there any averment that it was ever material to those issues. The indictment should have contained an averment that a cause was pending in the court; that an application for its continuance had been made; and that on the hearing of that motion, the affidavit was material; and then have shown what facts sworn to in the affidavit were false, and assign the perjury. It not appearing from the indictment that an application for a continuance was made, and that the affidavit was material on such application, it was defective, and should have been quashed.

Again, there was no evidence that J. O. Chance, before whom the affidavit was made, and who administered the oath, was the clerk of the Circuit Court or was at the time acting as such. He testifies that he saw the accused sign the affidavit, and that he administered the oath on the day it bears date, and that it was done in Marion county. To procure a conviction in a case of this character, it is requisite that it should be proved that the person before whom the oath was taken was authorized by law to administer it. Whart. Crim. Law, 664, and authorities cited; Arch. Crim. Pleadings, 430; *Rex* v. *Verelst*, 3 Camp. 432. Proof that the person habitually acted in the capacity of a particular officer, is perhaps only *prima facie* evidence of the fact, but until rebutted it is sufficient, without producing his appointment or commission. But in this case, the clerk's jurat was not verified by the seal of the court; there was no evidence that he was in the habit of acting as clerk, nor that he was legally filling the office. This being a material allegation and failing to prove it, the court below erred in refusing to grant a new trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*