## H. Stewart v. The State.

1. Perjury. — To constitute the crime of perjury in this State, it is essential that the oath or affirmation was administered in the manner prescribed by law, and by some person duly authorized to administer the same in the matter or cause wherein it was taken.

2. Same. — Indictments for perjury are fatally defective unless they show that the oath or affirmation was administered by a tribunal or person legally authorized to administer it. It is not necessary, however, to aver the means whereby such authority was acquired, — as, for instance, the election, qualification, or commission of a justice of the peace.

3. Coroner. — The office of coroner, *eo nomine*, or as a distinct official function, has had no existence in this State since the adoption of the Constitution of 1869. An indictment for perjury, therefore, which alleges that the oath was administered by a "coroner" fails to show that it was administered by any lawful authority, and is fatally defective.

4. Justices of the Peace, under the laws now in force in this State, are empowered to discharge the ordinary duties of coroners; and if perjury be assigned upon an oath administered by a justice of the peace while legally acting as a coroner, the indictment should give him his proper official designation, alleging that he was acting in the discharge of his duties as a coroner.

Appeal from the District Court of Washington. Tried below before the Hon. E. B. Turner.

The indictment alleges that the perjury was committed before an inquest held on the body of one Andreas Fox. The opinion of this court clearly shows such features of the indictment as are germane to the rulings.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

WHITE, J.   In this case there is no statement of facts or bill of exceptions, and in such cases it is the practice in this court simply to determine whether or not the indictment and charge of the court will sustain the judgment of conviction.   One of the provisions of our statute with regard to the crime of perjury is, that " the oath or affirmation must be administered in the manner required by law, and by some person duly authorized to administer the same in the matter or cause in which said oath or affirmation is taken."   Pasc. Dig., art. 1911.

The official character of the person before whom the oath assigned as perjury in this case was taken is thus described in the indictment : " T. O. Hynes, then and there being and acting as one of the coroners of said county of Washington and said State."   Again : " Said Harrison Stewart was duly sworn before said T. O. Hynes, coroner as aforesaid, as a witness before said coroner and said jury of inquest ; the said T. O. Hynes, as one of the acting coroners of said county of Washington, said State, then and there having sufficient and competent power and authority to administer the said oath to the said Harrison Stewart in that behalf, and the said Harrison Stewart being so duly sworn."   Again : " Before said coroner and jury of inquest, upon his oath aforesaid."   And again : " That, in manner and form as aforesaid, the said Harrison Stewart did then and there, wilfully, deliberately, and feloniously,

commit the crime of perjury," etc.   Nowhere in the indictment is the officer before whom the oath was taken characterized otherwise than as coroner.

Under our law as it now exists, and, indeed, since the adoption of the Constitution of 1869, no such office, separate, distinct, and specific, as that of coroner *eo nomine* has been or is known to our system.   Const. 1869, art. 5, sect. 20 (2 Pasc. Dig., art. 6382).   In the present Constitution there is no mention made of such an officer.   We find, however, in the General Laws of the Fifteenth Legislature, p. 165, sect. 28, that "justices of the peace shall be commissioned by the governor to act as justices of the peace in their respective precincts, and also to act as notaries-public.   They shall also discharge all the duties of coroner, except such as devolve upon constables, by sect. 21 of the Constitution."

Mr. Bishop, in his invaluable work on Criminal Procedure, lays down the general rule with regard to allegations in the indictment descriptive of the court, etc., in which the crime of perjury is charged to have been committed, as follows :   " The name of the court must be stated correctly, as known in law.   Thus, where by the statute it was termed ' Court of Pleas and Quarter Sessions,' and the indictment used the words, 'A certain Superior Court, begun and holden for the District of Hillsborough,' the variance was held fatal."   2 Bishop's Cr. Proc. (2d ed.), sect. 910.

In Maine, it is held " that an indictment for perjury is fatally defective from which it does not appear with certainty that, at the time the offence was charged, the tribunal which administered the oath, and before which the testimony was given, had jurisdiction of the matter then on trial.   *The State* v. *Plummer*, 50 Me. 217.

In North Carolina, it was held that, in an indictment for perjury, the court before which the perjury is alleged to have been committed must be legally set forth.   *The State* v. *Street*, 1 Murph. 156.

And so in Illinois, Indiana, and New Jersey it is held that, to authorize a conviction for perjury, it is requisite to allege and prove that the person before whom the oath was taken was authorized by law to administer it. *Morrell* v. *The People*, 32 Ill. 499 ; *McGregor* v. *The State*, 1 Ind. 232 ; *The State* v. *Dayton*, 23 N. J. L. 49.

Mr. Wharton, in his standard work on Criminal Law, says : " The right of the officer to administer the oath must be shown by specific averment, it not being enough generally to state that he was competent for that purpose ; and the style of the court must be legally set out, but it is sufficiently described by words which cannot apply to any other court." 3 Whart. Cr. Law (6th ed.), sects. 2244, 2245.

An indictment based upon an oath administered without authority of law is fatally defective, and should be quashed. *The State* v. *Powell*, 28 Texas, 627.

The allegation in the indictment, to have been sufficient, should have alleged substantially that T. O. Hynes was a justice of the peace of Washington County, and that, at the time he administered the oath to defendant which is assigned as perjury, he, as said justice of the peace, was acting in the discharge of the duties of a coroner in said county. Had his authority been thus clearly asserted, the allegation would have been sufficient upon that point, without setting out the various facts which conferred the authority, such as his election, qualification, commission, or how his jurisdiction further attached in the case ; it being sufficient, as to his authority to administer the oath, to allege that he was a justice of the peace, and, in his discharge of the duties of a coroner, had jurisdiction of the matter under investigation. *The State* v. *Peters*, 42 Texas, 7 ; *The State* v. *Marshall*, 47 Me. 378 ; *The State* v. *Stillman*, 7 Coldw. 341.

Because the indictment in this case does not allege or show that the oath assigned as perjury was administered by

competent authority, or by any officer authorized by the laws of this State, the judgment of the court below must not only be reversed, but, because said indictment is fatally defective, the case is also dismissed.

*Reversed and dismissed.*