THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
GEORGE CLEMENTS, Respondent.

The indictment herein charged defendant with perjury in verifying a quar-
terly report made by a State bank, of which he was cashier, to the banking
department. The verifying affidavit was set forth in the indictment, which
charged that defendant, at the time of making the affidavit, had full knowl-
edge of the real and true condition of the bank and of the matters stated in
the report, and that he well knew, when he swore to the affidavit, that the
report and accompanying schedules were false and untrue, but wickedly
and corruptly swore that they were true to the best of his knowledge
and belief. The indictment then set forth specifically several statements
contained in the report, in respect to each of which it averred that defend-
ant well knew, at the time he swore to the report, that said statement was
not true according to the best of his knowledge and belief, and that the
fact was otherwise than as stated, specifying the difference. It was
objected that the indictment was defective, in that it did not directly
allege that the statements in the report were, as matter of fact, untrue.
*Held,* untenable; that the averments in the indictment amounted to an
allegation that the statements were false.

Defendant interposed a general demurrer to the indictment. *Held,* that,
conceding it was technically defective in the form of the allegations, the
objection could not be raised by demurrer under the Code of Criminal
Procedure (§ 323), nor did the defect render the indictment insufficient
(§ 285).

*It seems* that, under the common-law system of pleading, such an objection
can only be taken advantage of by special demurrer; it is not available
on general demurrer or on motion in arrest of judgment.

*People* v. *Clements* (42 Hun, 353) modified.

(Argued June 24, 1887; decided October 18, 1887.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made January 4, 1887, which reversed a judgment of the Court
of Oyer and Terminer, in and for the county of Washington,
entered upon a verdict convicting the defendant of the crime of
perjury and directing a discharge of the defendant. (Reported
below, 42 Hun, 353.)

The substance of the indictment and the material facts are
stated in the opinion.

*Edgar Hull* for appellant. But one crime is charged in the indictment within the provisions of the Code of Criminal Procedure. (Code Crim. Pro. §§ 278, 279, 285; *Harris* v. *People*, 64 N. Y. 149; *People* v. *McKenna*, 3 Park. 510; *State* v. *Blaisdell*, 59 N. H. 328; Penal Code, § 100; *Ortner* v. *People*, 4 Hun, 323.) The report set out in the indictment purported to give a true statement of the condition of the bank in respect to the items and particulars required by the law, and was, therefore, authorized by law. (Laws of 1882, chap. 409, § 20; *People* v. *Vail*, 6 Abb. [N. C.] 206.) Defendant's claim that the indictment is defective in that it does not set forth the details which go to make up, or are prerequisite to the oath required by the statute, section 20 of the Banking Act, is untenable. (Greenl. on Ev., § 5; *Tuttle* v. *People*, 36 N. Y. 431, 436; *People* v. *Phelps*, 5 Wend. 9, 16; 2 Chitty's Cr. L. 307; *People* v. *Treadway*, 3 Barb. 470; *Burns* v. *People*, 59 id. 531; *Campbell* v. *People*, 8 Wend. 636; *Eighmy* v. *People*, 79 N. Y. 546; Code Crim. Pro., § 285; *Phelps* v. *People*, 5 Wend. 9, 19.) When a person says he has knowledge of a fact, the courts interpret his meaning to be that he has positive evidence of it, that he positively asserts to the fact itself, that the facts really exist to his own personal knowledge. (*Edwards* v. *Lent*, 8 How. 29; *Lloyd* v. *Burns*, 38 N. Y. Spr. Ct. Rep. 423; 62 N. Y. 651; Code Crim Pro., § 282; *Ballard* v. *Lockwood*, 1 Daly, 158, 162; *Dilcher* v. *State*, 39 Ohio St. 130; *State* v. *Lindenburgh*, 13 Tex. 27; *State* v. *Wood*, 17 Ia. 18, 20; *People* v. *Gates*, 13 Wend. 311; 1 Hawk. P. C., chap. 69, § 6; *Pedley's Case*, 1 Leach, 325; *Miller's Case*, 3 Wils. 427; *People* v. *Robinson*, 3 Wheeler's Cr. C. 180; *People* v. *Cruikshank*, 6 Black. 62; *State* v. *Ellison*, 8 id. 225; *Lambert* v. *People*, 76 N. Y. 224; *Byrnes* v. *Byrnes*, 102 id. 9; *Comm.* v. *Johns*, 6 Grey, 234, 276; *Reg.* v. *Rhodes*, 2 Ld. Raymond, 887; 2 Chitty's Cr. L. 312; *State* v. *Hascell*, 6 N. H. 358; *Harris* v. *People*, 64 N. Y. 148, 153; *Wood* v. *People*, 59 id. 117, 122; *Comm.* v. *Grant*, 116 Mass. 17.) The motion to quash the indictment on the ground that it was not intelligible was properly denied. (Code Crim. Pro.,

§§ 273, 312, 313, 321, 678; *People* v. *Petrea*, 92 N.Y. 128, 145.) The several assignments of perjury were sufficiently proved at the trial. The proof of the falsity of the oath need not be direct and positive. (*United States* v. *Wood*, 14 Pet. 430, 437, 447; 1 Greenl. on Ev., § 257; *People* v. *Christopher*, 2 Cow. Cr. R. 270; *People* v. *Grimshaw*, 2 N. Y. Cr. R. 390; *Humphrey* v. *People*, 18 Hun, 393; *Paine* v. *Barnum*, 59 How. 303, 311; *German Sav. B'k* v. *Wulfekuhler*, 19 Kan. 60; *Wood* v. *People*, 59 N. Y. 117, 121; *Harris* v. *People*, 64 id. 148, 153; *Comm.* v. *Johns*, 6 Gray, 274, 276; *State* v. *Hascell*, 6 N. H. 352; *Comm.* v. *Grant*, 116 Mass. 17.)

*Lyman G. Northrup* for respondent. The indictment did not state acts sufficient to constitute a crime. (Laws of 1882, chap. 409, § 20; *People* v. *Cooper*, 3 N. Y. Cr. R. 117, 119.) The indictment is defective as it does not contain "a plain and concise statement of the act constituting the crime." (*People* v. *Wise*, 2 How. [U. S.] 97, 98; Code, §§ 273, 275; *Allen* v. *Patterson*, 7 N. Y. 476, 478; *Bristol* v. *R. & S. R. R. Co.*, 9 Barb. 158.) If the offense be a statutory one, then the indictment must state all the facts constituting the statutory offense so as to bring the accused precisely within the provisions of the statute. (*Eckhardt* v. *People*, 83 N. Y. 462; *People* v. *Allen*, 5 Denio, 76, 79, 80; *People* v. *Wilber*, 4 Park. Cr. R. 419.) A fact not alleged cannot be proved. (*People* v. *Gates*, 13 Wend. 311; *People* v. *Miller*, 2 Park. Cr. R. 197; *People* v. *Tawnan*, 4 id. 514; 42 Hun, 350.) There was a fatal variance between the report set out in the indictment and that given in evidence. (Roscoe's Cr. Ev. 816; Arch. Cr. Pl. [Marg.] 46, 99, 102; 1 Wharton Cr. L., §§ 307, 606, 607, 2268–2270; 1 Cow. and Hill notes, 518 [*n.* 407]; Barb. Cr. L. [2d ed.] 201, 334, 398; *Comm.* v. *Stow*, 1 Mass. 54; *Comm.* v. *Wellington*, 89 id. 299, 301; *Lambert* v. *People*, 76 N. Y. 220, 228, 239; *McGary* v. *People*, 45 id. 153.)

RAPALLO, J. The judgment of the General Term in this case, not only reversed the conviction in the Oyer and Terminer but discharged the defendant. A new trial was not ordered

because the court was of opinion that the indictment was fatally defective, and that a valid conviction could not be had thereon. While we concur in the conclusion of the General Term, for the reason stated in its opinion that the record discloses errors committed upon the trial, authorizing a reversal of the conviction, we do not agree to the further conclusion that the indictment was so defective that a conviction thereon could not be sustained.

The defendant was charged with perjury in the verification under oath of a quaterly report made by the State Bank of Fort Edward, of which he was cashier, to the banking department of the State, which report purported to contain a true statement of the condition of the bank on the morning of March 22, 1884. The affidavit of the defendant verifying the report was set forth in the indictment, and stated that the report with the schedule accompanying the same (both of which were set forth in full), was in all respects a true statement of the condition of said bank before the transaction of any business on the 22d day of March, 1884, to the best of the knowledge and belief of the deponent. The point upon which the General Term, in the opinion there delivered, based the conclusion that the indictment was fatally defective, was that the falsity of this affidavit was not sufficiently averred.

The indictment charged that on the 22d and 29th days of March, 1884, the defendant had full and certain knowledge of the real and true condition of the affairs, transactions, assets and liabilities of the said bank, and of all the matters and statements contained in said report and schedule accompanying the same, as the same actually existed before the transaction of any business on the morning of March 22, 1884. It then set forth the report, schedule and affidavit verifying the same, and averred that the defendant when he swore to the same well knew that said report and the accompanying schedules were false and untrue, and then wickedly and corruptly swore that they were true to the best of his knowledge and belief, he then having knowledge and the grounds for belief that said report and schedules were false and untrue. It then specified

several statements contained in the report in respect to each of which it averred that the defendant well knew at the time he swore to said report, that the fact was otherwise than as stated, specifying particularly the difference, and charged that the statement was then well known to him to be not true, according to the best of his knowledge and belief.

The defendant interposed a demurrer to the indictment, which was overruled. He then pleaded not guilty, and after the verdict was rendered made a motion in arrest of judgment, which was denied. The objection now made to the indictment is that the indictment does not, in direct terms, aver that the statements contained in the report, and in respect to which perjury is assigned, were, as matter of fact, untrue, but only that the defendant *well knew* them to be untrue, and *well knew* the facts to be otherwise than as stated in the report. The district attorney contends that the indictment does, in direct terms, negative the affidavit, which was that the report was a true statement, etc., " according to the best of his knowledge and belief." That it avers that his knowledge was directly the contrary of what he swore to. There is much force in this contention. But giving full effect to the proposition that it was necessary to negative the facts which the defendant swore to on information and belief, we think that the indictment did, in substance, contain such a negative. It averred, in the first place, that the defendant had at the time full and certain knowledge as to the real and true condition of the bank in respect to the matters in question, and that he well knew that the facts were other than as stated in the report, and well knew that the statements in the report were false. It logically follows that these averments amount to an allegation that the statements were false. His knowledge as to the matter stated being full and and certain, he could not know the statements to be false unless they were so.

Under the common-law system of pleading it was a rule that statements must be certain and positive, and not by way of reasoning or argument, which would lead to the fact intended to be averred ; and it was a good objection to a pleading that

its allegations were argumentative. But this objection was not one of substance, but only of form, and could only be taken advantage of by special demurrer. It was not available on general demurrer, or on motion in arrest of judgment. (*Spencer* v. *Southwick*, 9 Johns. R. 314; *Marie* v. *Garrison*, 83 N. Y. 14, 23.) A pleading is deemed to allege what can by fair and reasonable intendment be implied from the facts stated, and a general demurrer for insufficiency was not sustainable on the ground that the facts were argumentatively or otherwise imperfectly or informally stated. The objection to this indictment, if there be any, was that the falsity of the statements sworn to was only argumentatively alleged; but that it was fairly, and even necessarily, to be implied from the facts stated is very clear. The objection goes only to the form of the allegation.

The Code of Criminal Procedure enumerates the grounds upon which a demurrer may be interposed (§ 323), and does not permit a demurrer for imperfection in the form of the allegations, but, on the contrary, section 285 declares that "no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Under the indictment in question, the prosecution was required, for the purpose of convicting the defendant, to prove that he knew the specified statements in the report to be false, and this proof necessarily involved proof that they were false.

Various other objections were made to the sufficiency of the indictment. We have examined them all but do not deem it necessary to go over them in detail. Our conclusion is that neither of them discloses any substantial defect which warrants the discharge of the defendant.

The judgment of the General Term should be modified so as, instead of discharging the defendant, to award a new trial, and as modified affirmed.

All concur except EARL, J., not voting.

Ordered accordingly.