PEOPLE v. WILLIAMS.

(*Supreme Court, General Term, Fifth Department.* October, 1888.)

PERJURY—INDICTMENT—ALLEGATIONS OF FALSITY.
An indictment for perjury, alleging that the defendant wickedly, falsely, felo- niously, etc., testified to certain matters specified, though not in full compliance with Code Crim. Proc. N. Y. § 291, requiring it to contain proper allegations of the falsity of the matter on which the perjury is assigned, will be sustained under sec- tion 684, providing that no departure from the form or mode prescribed by the Code in respect to any pleading renders it invalid, unless it has actually prejudiced the defendant, or tends to his prejudice, in respect to a substantial right.

Appeal from court of sessions, Monroe county.
Indictment for perjury against Catherine B. Williams. The people appeal from judgment sustaining demurrer to the indictment.
*The District Attorney,* for appellant. *J. A. Barhite,* for respondent.

DWIGHT, J. Section 291 of the Code of Criminal Procedure provides that an indictment for perjury shall contain "proper allegations of the falsity of the matter on which the perjury is assigned." The indictment in this case contains the allegation that the defendant "wickedly, knowingly, designedly, corruptly, falsely, and feloniously" testified to certain matters specified, and it does not otherwise allege the falsity of the testimony given. For that rea- son the indictment was held insufficient. Section 684 of the same statute provides that no departure from the form or mode prescribed by the Code in respect to any pleading renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice, in respect to a substantial right. The two sections cited must be read together, as bearing upon the sufficiency of the indictment in question.

And, *first,* is not the allegation of the indictment a substantial compliance with the requirement of section 291? Is it not an allegation of the falsity of the matter upon which perjury is assigned? It charges that the matter was falsely testified. Is not that equivalent to the charge that the matter testi- fied was false? But, *second,* if it be held that the allegation is not in full compliance with the requirement of section 291, is the departure anything more than a matter of form? and, if not, has it prejudiced the defendant, or does it tend to her prejudice, in respect to a substantial right?

We think the two sections, read together, uphold the form of pleading adopted by the district attorney. The allegation that certain testimony, specified, was falsely given, differs only in form from the allegation that the testimony given was false. A man cannot falsely testify to that which is true. Even though he intend to falsify, if what he testifies to is in fact true, he does not testify falsely. In the case of the *People* v. *Clements,* 107 N. Y. 205, 13 N. E. Rep. 782, the court of appeals held that an allegation that the defendant well knew the matter sworn to to be false was a sufficient allegation of its falsity; and the court (by RAPALLO, J.) says: "The objection to this indictment, if there be any, was that the falsity of the statement sworn to was only argumentatively alleged. But that it was fairly and even necessarily to be implied from the facts stated is very clear. The objection goes only to the form of the allegation." And the indictment in that case was justified under the provisions of section 285 of the same statute, which declares that no indictment is insufficient by reason of imperfections in matters of form which does not tend to the prejudice of the substantial rights of the defendant on the merits. The provisions of section 684, *supra,* seem to be even more directly applicable to those cases than those of section 285. The latter section is general in its application, and is intended to cure defects in form under the general rules of criminal pleading. Section 684 more specifically cures deviations from the particular forms prescribed by the statute itself, of which the section forms a part, including the special requirements of section 291 in respect to indictments for perjury. The defect in this indictment, if any, being merely in the form of the allegation of the falsity of the testimony specified, and such defect of form not being such as to prejudice or tend to prejudice the defendant in respect to a substantial right, we must hold it to be immaterial, and the indictment good. The judgment sustaining the demurrer must be reversed, the demurrer overruled, and the case remitted to the court of sessions to proceed upon the indictment. All concur, HAIGHT, J., in the result.