THE STATE OF IOWA, Appellee, v. SARAH ELLEN GALLAUGHER, Appellant.

**Perjury:** INDICTMENT: TRAVERSE OF FALSE STATEMENT. An indictment for perjury must traverse the truth of the alleged false testimoney by contradicting the matter alleged to have been falsely sworn to in express and specific terms.

*Appeal from Johnson District Court.*—HON. B. A. BYINGTON, Judge.

SATURDAY, MARCH 19, 1904.

INDICTMENT for perjury. Trial to a jury. Verdict and judgment of guilty, and defendant appeals.—*Reversed.*

*Holbert & Holbert* for appellant.

*Charles W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

DEEMER, C. J.—The defendant and one Charles Holada were jointly indicted for the crime of murder in the first degree. It was charged that they murdered one James Gallaugher, who was defendant's husband. Defendant was granted a separate trial, and as a result thereof was acquitted. Holada thereafter pleaded guilty to the crime of murder of the second degree, and was sentenced to the penitentiary for

life. Defendant was a witness on her own behalf in the murder trial, and after her acquittal of the charge she was indicted by the grand jury of Johnson county for the crime of perjury. It was on this indictment that she was convicted, and from the judgment pronounced on the verdict returned therein she appeals.

The indictment charges that defendant knowingly, falsely, and corruptly testified on the murder trial as follows: "That the said Sarah Ellen Gallaugher never told Dr. Delano that her revolver was taken on the night of the murder of said James Gallaugher; that the said Sarah Ellen Gallaugher swore that she never planned or conspired with any one as to the manner and means of killing James Gallaugher; that she, the said Sarah Ellen Gallaugher, did not meet Charles Holada near the James Gallaugher house on the night of said murder; that she, the said Sarah Ellen Gallaugher, occupied the inside of the bed on which James Gallaugher was sleeping at the time the said James Gallaugher was shot and killed; that she, the said Sarah Ellen Gallaugher, swore at said trial that she never said before the coroner's jury that her revolver was somewhere about the place on the night of said murder; that she, the said Sarah Ellen Gallaugher, swore on the trial of said cause that she had never had sexual intercourse with Charles Holada at any time or place." The trial court, in its instructions, withdrew the charge that defendant testified falsely that she occupied the inside of the bed on which James Gallaugher was sleeping at the time he was killed, and the further charge that she testified falsely that she never said before the coroner's jury that her revolver was somewhere about the place on the night of the murder, but did submit the other assignment of perjury charged in the indictment. In answer to interrogatories submitted by defendant's counsel, the jury returned the following special verdict, to wit: "Do you find that the defendant, Sarah Ellen Gallaugher, falsely testified that she had not conspired with any one to kill and murder her husband, the said James Gallaugher? Answer. No. W. K. Saxton, Foreman. Do

you find that the defendant, Sarah Ellen Gallaugher, falsely testified that she did not have sexual intercourse with Charles Holada? Answer. Yes. W. K. Saxton, Foreman. Do you find that the defendant, Sarah Ellen Gallaugher, falsely testified that she told Dr. Delano that her revolver was taken on the night of said murder? Answer. No. W. K. Saxton, Foreman. Do you find that the defendant, Sarah Ellen Gallaugher, falsely testified that she had not met the said Charles Holada at or near the Gallaugher homestead on the night of the murder? Answer. No. W. K. Saxton, Foreman." It also found the defendant guilty of the crime charged, and upon that verdict judgment was pronounced.

While a great number of points are argued, but one need be considered on this appeal, and that relates to the sufficiency of the indictment. It is well understood that an indictment for perjury should traverse the truth of the alleged false testimony. The rule, as generally expressed, is that the indictment must proceed by particular averments to negative that which is false, contradicting the matter alleged to have been falsely sworn to in express and specific terms. 18 Am. & Eng. Ency. of Law, section 915, 918, 919; McClain's Criminal Law, section 880; Archibald, Criminal Practice and Pleading (8th Ed.) page 1833; *Com v. Compton,* 18 Ky., 479 (36 S. W. Rep. 116); *State v. Mace,* 76 Me., 64; *Thomas v. State,* 51 Ark. 138 (10 S. W. Rep. 193). The allegation in this indictment is that "defendant well knew she had criminal intercourse with Charles Holada," etc., and that "said Sarah Ellen Gallaugher, with full knowledge of their falsity," etc. Is this the equivalent of a statement that "whereas in truth and in fact she had had intercourse with the said Charles Holada, as she well knew," etc. The books give no uncertain answer to this interrogatory. See cases heretofore cited, and in addition the following: *Com. v. Porter,* 17 Ky., 554 (32 S. W. Rep. 138); *Com. v. Wright,* 16 Ky., 257 (27 S. W. Rep. 814); *Morrill v. People,* 32 Ill., 499; *Perdue v. Com.,* 96 Pa. 311; *Ferguson v. Com.,* 8 Ky. 257 (1 S. W.

Rep. 435) ; *State v. Nelson,* 74 Minn. 409 (77 N. W. Rep. 223) ; *Turner v. State,* 30 Tex. App. 691 (18 S. W. Rep. 792) ; *Com. v. Monahan,* 9 Gray, 119 ; *Henderson v. People,* 117 Ill. 265 (7 N. E. Rep. 677) ; *Gibson v. State,* 44 Ala. 17 ; *Thomas v. State,* 54 Ark. 584 (16 S. W. Rep. 568) ; *Com. v. Weingartner,* 16 Ky. 221 (27 S. W. Rep. 815). Most, if not all, of these cases are directly in point, and expressly hold that an allegation such as the one found in the indictment in the case now before us is insufficient. The one last cited is particularly strong in its reasoning. It is there said : "An indictment, to be sufficient, for perjury, must negative specifically the truth of the alleged false statement, and where this has not been done, 'it was said at common law,' the authorities hold such an indictment insufficient, and we have not been able to find a single precedent, either at common law or in our own state, where the assignment has been dispensed with." In that case the charge was that the statement made by the defendant was "willfully, ' deliberately false, and that defendant knew the same to be false when he made it." In Archibald on Criminal Pleading (Pomeroy's Notes, 8th Ed.) 1733, it is said, "The indictment must negative the matter sworn to by special averment, whereas in truth and in fact," etc. We have only found one case holding to the contrary, and that is *People v. Clements,* 107 N. Y. 205 (13 N. E. Rep. 782). We should be glad to follow that case, in view of the provisions of our Code, section 5290, which provides, in effect, that no indictment shall be held insufficient for any matter which was formerly deemed a defect, but which does not tend to prejudice the substantial rights of the defendant upon the merits, and would do so, but for the fact that section 5296, which relates specifically to indictments for perjury, provides, in effect, that indictments for this offense must contain "proper allegations of the falsity of the matter on which the perjury is assigned." In order to determine what are proper allegations of the falsity of the matter, we must look to the law as it existed when this statute was framed ; in other words, to the common law and to

the recognized forms thereunder.    Turning to that law, we find that there must be a special traverse of the matter alleged to have been testified to; that is to say, the assignment should have been, "whereas in truth and in fact the defendant had had intercourse with the said Charles Holada, as she well knew," etc.    It is only by the merest inference or intendment that we find any such charge in this indictment, and even under our liberal system of criminal pleading it is well settled that an indictment cannot be aided by intendment or inference.    *State v. Potter,* 28 Iowa, 554; *State v. Clark,* 80 Iowa, 517; *State v. Jamison,* 110 Iowa, 341.    Averment of knowledge of falsity is not, in general, necessary except where the alleged false testimony was given upon information and belief.    *State v. Raymond,* 20 Iowa, 582.    Without further extending this opinion, it is sufficient to say that the indictment does not meet the requirements of the law, and that defendant's motion in arrest of judgment, based on this defect, should have been sustained.—REVERSED.

McCLAIN, J.—(dissenting).    The material portion of the indictment relating to the particular charge of perjury of which defendant was convicted, and charging the falsity of her testimony, is as follows: "Said (defendant) then and there feloniously, falsely, knowingly, maliciously, willfully, and corruptly testified falsely in said district court of said Johnson county, Iowa, to material matter, in substance as follows, to wit: * * * That she, the said defendant, swore on the trial of said cause that she had never had sexual intercourse with Charles Holada at any time or place, whereas in truth and in fact said (defendant) well knew that she had sexual intercourse with Charles Holada at divers times and places preceding the killing of the said James Gallaugher. And that the said (defendant), with full knowledge of their falsity, did then and there falsely, corruptly, and feloniously swear to the statements as above set forth, and to each of them; and that each and every one of the statements above set forth were material, and willfully and falsely, knowingly and corruptly, sworn to by the said (defendant) in the trial

of said cause." The objection to the indictment sustained
by the majority opinion is that it does not directly negative
the truth of the fact falsely stated by the defendant. If the
statement in the indictment had been, "Whereas in truth and
in fact, as the defendant well knew, she had sexual inter-
course with Charles Holada," etc., it is conceded that it would
have been sufficient in the particular as to which it is held
to be fatally defective. Now, I am willing to concede that,
according to common law precedents, the indictment was not
only in this respect, but in many others, inartistically drawn,
and in this respect, at least, fatally defective; and that it
might well be held to be insufficient to sustain a conviction
in states where the common-law rules of procedure as to
crimes remain unmodified by statute. But in this state we
have a statutory provision reading as follows: "No indict-
ment is insufficient, nor can the trial, judgment or other pro-
ceedings thereon be affected, by reason of any of the following
matters:  *  *  *  (5) For any other matter which was
formerly deemed a defect or imperfection, but which does not
tend to prejudice the substantial rights of the defendant upon
the merits." Code, section 5290. Did the defective allega-
tion tend to prejudice the defendant on the merits ? The ob-
ject of an indictment is to advise the defendant of the parti-
cular facts charged which constitute the crime for which he
is put on trial. In charging perjury, a material fact is that
defendant willfully and corruptly swore falsely to a mater-
ial matter, Code, section 4872. The material matter
sought to be charged in this indictment was that defendant
did not have sexual intercourse with Holada. The allega-
tion as to this material matter is that defendant well knew
that she had sexual intercourse with Holada. I cannot see
how she was in any way prejudiced by the use of this form
of expression in place of the allegation which would have
been sufficient—that as she well knew, she had had such inter-
course. The common-law forms of indictment for perjury
are extremely technical, and it is a fact well known to law-
yers and courts that indictments for this crime have fre-

quently been found insufficient. It certainly must have been within the scope of the legislative intent in adopting the statutory provision above quoted to obviate, in a measure, at least, the difficulties which have been experienced in drawing indictments for this crime, and I am unwilling to concur in a holding which shall perpetuate the technical requirement further than is necessary to advise the defendant accurately with reference to the essential facts charged. Under a statutory provision analogous to the one above quoted, the Court of Appeals of New York, in *People v. Clements*, 107 N. Y. 205 (13 N. E. Rep. 782), has held that an averment that defendant well knew the statement made in his testimony to be false, the statement being one which could not have been true without his knowledge, was sufficient as an allegation of the falsity of the statement, and the court used this language (at page 209, 107 N. Y., page 783, 13 N. E. Rep.) : "The objection now made to the indictment is that the indictment does not, in direct terms, aver that the statements contained in the report, and in respect to which perjury is assigned, were, as matter of fact, untrue, but only that the defendant well knew them to be untrue, and well knew the facts to be otherwise than as stated in the report. The district attorney contends that the indictment does in direct terms negative the affidavit, which was that the report was a true statement, etc., according to the best of his knowledge and belief; that it avers that his knowledge was directly the contrary of what he swore to. There is much force in this contention. But, giving full effect to the objection that it was necessary to negative the facts which the defendant swore to on information and belief, we think that the indictment did, in substance, contain such a negative. It averred, in the first place, that the defendant had at the time full and certain knowledge as to the real and true condition of the bank in respect to the matters in question, and that he well knew that the facts were other than as stated in the report, and well knew that the statements in the report were false. It logically follows that these averments amount to an allegation that the statements

were false.  His knowledge as to the matters stated being
full and certain, he could not know the statements to be false
unless they were so.  Under the common-law system of plead-
ing it was a rule that statements must be certain and posi-
tive, and not by way of reasoning or argument which would
lead to the fact intended to be averred; and it was a good ob-
jection to a pleading that its allegations were argumentative.
But this objection was not one of substance, but only of form,
and could only be taken advantage of by special demurrer.
It was not available on general demurrer, or on motion in ar-
rest of judgment.  *Spencer v. Southwick,* 9 Johns. 314;
*Marie v. Garrison,* 83 N. Y. 14, 23.  A pleading is deemed
to allege what can by fair and reasonable intendment be im-
plied from the facts stated, and a general demurrer for insuf-
ficiency was not sustainable on the ground that the facts were
argumentatively or otherwise imperfectly or informally stat-
ed.  The objection to this indictment, if there be any, was
that the falsity of the statement sworn to was only argument-
atively alleged, but that it was fairly, and even necessarily,
to be implied from the facts stated, is very clear.  The ob-
jection goes only to the form of the allegation."  See, also,
*State v. Smith,* 63 Vt. 201, 209 (22 Atl. Rep. 604) in which
it is held that an averment that a person did not sign a pa-
per sufficiently negatived the statement of defendant that he
saw such person sign the paper.  Such an averment, it is said,
is not open to the objection that it is indirect and argument-
ative.

In the majority opinion, it is conceded that the case of
*People v. Clements, supra,* might well have been followed,
had it not been for the language in Code, Section 5296, as
follows:  "In an indictment for perjury  *  *  *  it is
sufficient to set forth the substance of the controversy or mat-
ter in respect to which the offense was committed, and in
what court  or before whom the oath alleged to be false, was
taken, and that the court or person before whom it was taken
had authority to administer the same, with proper allega-
tions of the falsity of the matter of which the perjury is as-

signed." It is evident that the object which the Legislature had in view in this specific provision with reference to an indictment for perjury was to obviate many of the technical objections which had formerly been available to defendant against an indictment for this crime. But the majority seems to think that the last clause was intended to perpetuate all the technical distinctions of the common law with reference to the allegation of falsity of the matter on which the perjury is assigned, notwithstanding the liberal provisions of Code, Section 5290, as above quoted. I cannot concur in this view. Of course, a direct and distinct allegation of the falsity of the matter is of the very essence of the indictment, but, if the falsity is alleged "in ordinary and concise language, with such certainty and in such manner as to enable a person of common-understanding to know what is intended," as required by Code, Section 5289, then, I think, the indictment should be held sufficient. That the allegation in the indictment before us complies with this requirement seems to me not subject to serious question.

It is the duty of the court in a criminal case to see that the defendant is fully advised by the language of the indictment as to the offense for which he is put on trial, and as to the specific acts charged as constituting such offense; that no improper evidence is admitted over his objection; and that the law, as applicable to the ultimate facts which the evidence tends to establish, is clearly and fully stated. I have no inclination to break down any of the rules of procedure calculated to preserve the rights of the defendant in these respects. But I do not believe that the interests of justice require the preservation of technical rules of pleading which relate to mere matters of form, and not matters of substance. The whole tendency has been to eliminate from criminal pleading rules which relate to form only, and this general tendency has been recognized and amplified by the Code provisions above referred to. I cannot concur, therefore, with the majority in the reversal of the case for insufficiency of the indictment.