## GIBSON *vs.* THE STATE.

[INDICTMENT FOR PERJURY.]

1. *Application for habeas corpus; oath of facts other than those required by statute, immaterial on.*—On an indictment for perjury, the oath of the accused, that "he is the father and proper custodian of Catharine, or Kate, a colored girl," made upon an application for a writ of *habeas corpus*, to enquire into the imprisonment or restraint of said Catharine, though false, is not enough to sustain a conviction for perjury on said oath. Such oath is immaterial on such application ; it is not one of the jurisdictional facts required by statute.

2. *Habeas corpus; applicant for writ, how must proceed.*—An applicant for a writ of *habeas corpus* must proceed by petition, which must be signed by the party applying for the writ, or by some person in his behalf ; and the petition must be verified by the oath of the applicant, to the effect "that the statements therein contained are true, to the best of his knowledge, information and belief," and if any other statement, than those required by law, be introduced in the petition, they can not, though false, be made matter of substance, so that perjury may be assigned of an oath verifying said petition.

3. *Defendant; when will be discharged on reversal.*—If the matter alleged in such petition may be stricken out as immaterial, and there is nothing else of the oath left, the cause will not be remanded, but the defendant will be discharged on reversal.—Revised Code, § 4316.

APPEAL from the circuit court of Pike.
Tried before Hon. J. McCALEB WILEY.

The facts are fully stated in the opinion.

THOS. G. JONES, and J. D. GARDNER, for appellant.—The

Gibson v. The State.

demurrer to the indictment should have been sustained. Section 4262 of the Code prescribes what statements a petition "must contain"; what is material on such application is thus fixed by law. All other statements may be left out of the petition, or if in it, may be stricken out, and still leave the petition perfect. Any thing which may be stricken out of a petition or pleading, and still leave it perfect, is surplusage, and not material. Oath as to mere surplusage and immaterial statements can not support a conviction, or even an indictment, for perjury.

The "issue" on a petition for *habeas corpus*, is the existence of the facts required by § 4262, as pre-requisites for the issuance of the writ. The statement of Gibson, under oath, that " he was the father and proper custodian of Kate," &c., sheds no light upon the existence of the facts required by § 4262, whatever relevancy and materiality such statement might have had on the return of the writ, when the illegality of the detention would have been the issue.

*White v. The State*, 1 Smedes & Marshall, Miss. Rep. p. 156, is identical with the case at bar, and is decisive of it. The facts of that case are very similar to this, and it fully sustains the above argument.

It seems to be the current of authorities, that where a statute makes the existence of certain facts and oath thereof, the only pre-requisites to demanding a right, oath of other facts in connection therewith, however false, is not perjury, but "will be treated as impertinent, and as mere surplusage."—*State v. Helle*, 2 S. C., case 290, p. 8, and authorities there cited; *Silver v. State*, 17 Ohio, (Griswold,) 368, and authorities there cited; cases cited in *State v. Gallimore*, 2 Iredell, R. 374.

The oath required to be administered on an application for *habeas corpus* is fixed by statute, which requires the applicant to swear that the statements of the petition are true, "to the best of his knowledge, information and belief." This oath, in the absence of proof to the contrary, this court is bound to presume was administered. The indictment is defective in not averring that Gibson " *well knew to the contrary.*" This was necessary at common law,

and as to cases of this kind the statute has not dispensed with it. The oath, "contrary to affiant's belief," is an essential element to constitute perjury on an oath of this sort. The two forms in the Code apply to cases where witnesses swore falsely on trials in criminal and civil cases. See *Lea v. The State*, 3 Ala. 602 ; 2 Russ. Crim. Law, 597.

In North Carolina, where the statutes as to indictments are substantially the same as ours in every particular, the supreme court says : " After the very many adjudications which have been had on the statutes, it must be regarded as being now completely settled, that it does not supply nor remedy the omission of a distinct averment of any fact or circumstance, which is an essential constituent of the offense charged."—*State v. Gallimore*, Iredell, 2 Law Rep. N. C., p. 376. In this case seven previous decisions on this point are cited and re-affirmed.

*The indictment is defective both at statute and common law.*

The authority for indictments of this kind, is found in §§ 3558, 4139, Revised Code. There are *only* two forms of indictments for perjury in the Code—forms 44 and 45, p. 812. If this indictment stands at all, it must stand on the two sections and forms referred to above—it is certainly fatally defective at common law. Both forms of indictments are *careful* and *explicit* in showing · *the character in which the indicted person appeared in the proceedings about which the perjury was committed.* One form says, "*A. B., in his examination as a witness*" ; the other on application for a continuance, &c., in which said "*A. B. was defendant.*" In the indictment in this case it does not appear in what character Gibson appeared. Was he the applicant, or was he simply a witness on whose affidavit some other person based an application ? It is always important to a reviewing court, to know the character in which the indicted person appeared in the proceedings about which the perjury is alleged. The *interest* of a party is often times weighty enough to determine, in connection with other facts (not sufficient alone,) the *animus* of a witness. The indictment is too vague and loose to authorize a conviction on it, even if the accused were ever so guilty. It would

be a dangerous innovation on the *forms* which are essential to the uniform and proper administration of justice.— *Holton v. State*, (Archer & Hogue,) 2 Florida, from bottom page 499, to middle page 500.

The same court says: "It is much easier to require the observance of the mandates of the law, than to determine in what cases they may be safely dispensed with."—*Holton v. State, supra.*

"An indictment can take nothing intendment."—*Seay v. State*, 3 Stewart, p. 130 ; *Stanton v. State*, 6 Yerger, Tenn. p. 633 ; 2 Chit. C. L., 287, 432 ; *Coleman v. State*, 3 Porter.

For aught that appears from this indictment, the facts sworn to may have been the applicant's *idea of the law of his case.* A person may be the father, and yet not the proper custodian of a child—he may have been removed by an order of court from control or custody of his child—or may have parted with the control of the child by apprenticing him out ; in either event he would not be the "proper custodian." The indictment should negative both averments. One might be true and the other false. To sustain a conviction in this case, the falsity of both should have been averred and proven. It is not perjury to swear to a mistaken view of what the law is. An indictment and conviction on an indictment, which, when all of its averments, except those of law, are admitted, still admits of *any doubts* as to the indicted person's innocence, are defective.

As to presumptions court will make in cases like this, see *Thrift v. State*, 30 Indiana Reports, p. 42.

If the views here presented as to the immateriality of the false oath are sustained, no further proceedings can be had on this prosecution, and appellant must be released by this court.—§ 4316, *White v. State, supra ; Allan v. The State*, 40 Ala. 334.

Joshua Morse, Attorney-General, *contra.*—(No brief on file.)

PETERS, J.—Thaddeus Gibson was indicted for perjury at the spring term, 1869, of the circuit court of Pike

county. The indictment contained but a single count. The charge was in the following words, to-wit:

"The grand jury of said county charge, before the finding of this indictment, that *Thaddeous* Gibson, on an application to Willis C. Wood, judge of the probate court in and for Pike county, and State of Alabama, for a writ of *hibas corpos*, to be directed to one William Bragg, commanding him, the said Bragg, to produce the body of one Catharine, or Kate, before said Willis C. Wood, judge of the probate court as aforesaid, *bein* duly sworn by said Willis C. Wood, judge of probate as aforesaid, who had authority to administer such oath, *faulcely* swore that he is the *farther* and proper custodian of Catharine, or Kate, a *calored* girl; the matter so sworn to being material, and the oath of Thaddeous Gibson, in relation to such matter, *bein* wilfully and corruptly *faulce*, against the peace and dignity of the State of Alabama." Doubtless, the misspelling in this charge is due to the misprision of the clerk who transcribed the record.

The trial in this case took place on the 21st day of September, 1869, and at the trial the accused demurred to the indictment. This demurrer was overruled by the court, and the prisoner excepted to the overruling of his demurrer, and the exception is made a matter of record; thereupon, the defendant pleaded not guilty, and went to trial upon that issue. The jury found the issue against him, and returned into court a verdict of guilty. The court then sentenced the accused to the penitentiary for three years, and gave judgment against him for the cost of the prosecution. From this sentence and judgment the said Gibson appeals to this court, and here assigns for error the overruling of the demurrer to said indictment.

This indictment was found and drawn up under the authority of §§ 3558 and 4139 of the Revised Code of this State, and it is formed on the precedent given in the forms of indictments laid down in the same Code.—Revised Code, §§ 3558, 4139, p. 812, No. 45; *ib.* § 4142.

The matter on which the perjury is assigned grew out of an application for a writ of *habeas corpus*, made to the judge of the probate court of Pike county, for the purpose

of inquiring into the cause of the imprisonment or restraint of " Catharine, or Kate, a colored girl, by William Bragg." This application could only be made by petition signed by the party himself, for whose benefit it was intended, or by some other person on his behalf; and the law requires that it must be verified by the oath of the applicant, to the effect " that the statements therein contained are true to the best of his knowledge, information and belief." And the statute goes on to require that this " petition must state, in substance, the name of the person on whose behalf the application is made ; that he is imprisoned or restrained of his liberty in the county; the place of such imprisonment, if known; the name of the officer or person by whom he is so imprisoned, and the cause or pretense of such imprisonment; and if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition, or the petition must allege that a copy thereof has been demanded and refused, or must show some sufficient excuse for the failure to demand a copy."—Revised Code, §§ 4260, 4261, 4262.

Some one of these several particulars are the only statements that could be material on an application for a writ of *habeas corpus.* They are the jurisdictional facts upon which the court acts. If the petition set forth more than these, it contains what is unnecessary ; therefore, it is immaterial.—Gould Pl. ch. 3, § 186.

The matter sworn to, which is alleged to be false in the indictment, is, that Gibson " is the father or custodian of Catharine, or Kate, a colored girl." Most clearly this is not in any sense one of the statements required or authorized in a petition for a writ of *habeas corpus.* It was, therefore, wholly irrelevant and immaterial, and may have been stricken out. Perjury cannot be predicated upon it, however false it may be ; and if it is stricken out there is nothing left of the oath.— *White v. The State,* 1 Smedes & Marsh. 156. The statute requires that the false oath or affirmation for which one can be convicted of perjury must be wilfully and corruptly made " in regard to any material matter or thing upon any oath authorized by law."—Revised Code, § 3557. And the matter must constitute, to some

degree, or in some manner, "the substance of the proceedings," in which the oath has been taken, and must be so stated in the indictment.—Revised Code, § 4139. This court know that the *formula* of words used in this indictment is no part of the statements required in a writ of *habeas corpus*, and, consequently, it could not be a material part of the oath used in verification of such a petition.—Revised Code, §§ 4161, 4162; 1 Smedes & M. 156, *supra*. The indictment is, therefore, wholly insufficient. And the court below erred in overruling the defendant's demurrer; and for this reason the judgment of conviction must be reversed.

Besides, it will be doubted whether an assignment of perjury, made, as has been one in this indictment, is sufficient as to form, waiving the objection as to substance. It has been decided in the courts of Great Britain, upon a statute very similar to ours, that it is necessary that the indictment should expressly contradict the matter falsely sworn to by the defendant; and a general averment that the defendant falsely swore upon the whole matter of the oath, is not sufficient. The indictment must proceed, by particular averment, to negative that which is false. The whole oath may be set forth in order to make the rest intelligible, though some of the circumstances had a real existence; but the word *falsely* does not import that the whole is false, and when the perjury comes to be assigned, it is not necessary to negative the whole, but only such parts as the prosecutor can falsify, admitting the truth of the rest. And if the defendant swore only to his *belief*, it will be proper to aver that he "well knew" the contrary of what he swore to be true.—2 Russ. on Cr. 643, (marg.); *Rex v. Perrott*, 2 M. & S. 385, 390, 391, 392; 2 Russ. on Cr. 597; *The State v. Lea*, 3 Ala. 602.

Here the applicant for the writ of *habeas corpus* was only required to swear to the truth of the statement set forth in his petition, "to the best of his knowledge, information and belief."—Revised Code, § 4261. This is the oath that the court must infer was the oath administered to the accused. The indictment, then, ought to have averred that it was false in one or all of these particulars. But

the oath alleged in this indictment is not such an one as perjury can be assigned upon it. It is, therefore, unnecessary to remand the cause and keep the appellant for a new trial, as no new trial can be had on this indictment.—Revised Code, § 4316; 1 Smedes & M. 156, *supra*.

The judgment and sentence of the court below is reversed; and the defendant will be discharged from further prosecution in this behalf.