# Perdue *versus* Commonwealth.

1. Where a defendant has been convicted upon two separate trials this court is bound to presume, that upon the merits of the case, his guilt was clearly established, but judgment will be reversed where the indictment on which the defendant was convicted was utterly inadequate.

2. This court will not reverse for defects of grammar or rhetoric in an indictment if a definite statement of a positive offence can be eliminated therefrom.

3. A conviction for perjury cannot be sustained where it is founded on an indictment which does not contain a solitary averment, intimation or innuendo that any fact set forth in the answer to a bill in equity was false or untrue.

November 15th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to and appeal from the Court of Quarter Sessions of *Butler county:* Of October and November Term 1879, Nos. 181 and 182.

Indictment of John T. Perdue, for perjury.

The information was as follows :—

BUTLER COUNTY, ss.

Before me, a justice of the peace in and for said county, came George S. Long, who being by me duly sworn according to law, doth depose and say, that a certain John T. Perdue, on the 20th day of February 1873, in a certain judicial proceeding then and there held before one M. S. Ray, a justice of the peace in and for said county, in which proceeding the said John T. Perdue made oath to the facts contained in his answer to a bill of equity filed

[Perdue *v.* Commonwealth.]

against the said John T. Perdue by deponent and his wife, Mary A. Long, in equity No. 1, March T. 1873, in which answer the said John T. Perdue wilfully, falsely, knowingly and corruptly did commit perjury by swearing that one Mary A. Long was not an equal and joint owner of a leasehold estate described in said bill, containing eight and one-quarter acres, with John T. Perdue ; also that a certain lease obtained from one A. C. Gibson and others was not obtained by, through or for use or account of Mary A. Long and Geo. Long, or either of them, and that the same was, by their direction, wholly denied ; also that defendant and Mary A. Long did not demand from John T. Perdue one-half interest in and to said leasehold, to wit, situate on the Widow Smith farm, in Fairview township, containing eight and one-quarter acres.·

He therefore prays that a warrant may issue for the arrest of said John T. Perdue, and that he be held to answer a charge of wilful and corrupt perjury ; and he will ever pray, &c.

G. S. LONG.

Sworn and subscribed before me, this 15th day of January 1878.

J. G. MUNTZ, J. P.

Upon this information, without warrant or process for the defendant, Long appeared before the grand jury of Butler county and a true bill was found on January 13th 1878.

The indictment was as follows :—

In the Court of Quarter Sessions of the Peace for the county of Butler, of January Session 1878.

BUTLER COUNTY, SS.

The grand inquest of the Commonwealth of Pennsylvania, now inquiring in and for the body of the county of Butler, upon their oaths and solemn affirmations, respectfully do present:

That at a certain judicial proceeding [held before one M. S. Ray, Esq., one of the acting justices of the peace in and for the said· county of Butler, he, the said M. S. Ray, being duly commissioned and sworn, and having full power and competent authority to administer oaths], in which judicial proceedings George S. Long and Mary A. Long were plaintiffs, and John T. Perdue defendant, late of said county, in which judicial proceedings the said George S. Long and Mary A. Long had previously exhibited and filed their bill in equity, as plaintiffs in the Court of Common Pleas of said county of Butler, at equity No. 1, March Term 1873, against the said John T. Perdue as defendant, and in said bill in equity as aforesaid, among other things stated, alleged in substance and to the effect following, to wit : that he, the defendant, John T. Perdue, was to hold an eight and a quarter acre lease on the Smith farm in trust for himself and the said Mary Ann Long, the plaintiff, as equal joint owners thereof, that is, one-half to the said John T. Perdue and the one-half to the said Mary Ann Long ; that by

[Perdue *v.* Commonwealth.]

the direction of the plaintiffs the said Andrew Gibson and others, owners of said eight and a half acres of land on Smith farm, and in pursuance of their agreement to lease the same to said plaintiffs, and according to the terms and stipulations thereof, on or about the 1st day of June 1872, made, executed and delivered to the said defendant, J. T. Perdue, in writing, a lease for said described eight and a half acres, and that a well having been struck on said lease, the defendant, John T. Perdue, unlawfully desired the property of said Mary Ann Long, and refused to convey to her the undivided one-half thereof according to his agreement in pursuance of the trust, asserting and saying that the plaintiff has no other or greater interest therein than the repayment by him to her of the money so expended by her, and that the plaintiffs, George S. Long and Mary A. Long, on or about the 28th day of December 1872, and at different times before the filing of this bill in equity as aforesaid, have demanded from the defendant, John T. Perdue, a conveyance of her one-half interest in the said described lease and oil well, which the defendant has refused and denied her right thereto and interest therein, as in and by the said bill in equity of the said George S. Long and Mary Ann Long as remains on file at No. 1 of equity docket, March Term 1873, as aforesaid, amongst other things, more fully appears.

[And the inquest aforesaid, upon their oaths and affirmations, do further present: That on the trial of the said issue between the parties as aforesaid, it became and was a material question between the said parties, in said judicial proceeding as aforesaid, whether the said John T. Perdue was to hold an eight and a quarter acre lease on the Smith farm in trust for himself and said Mary Ann Long, the plaintiff, as equal joint owners thereof, that is, one-half to the said John T. Perdue and one-half to the said Mary Ann Long, and whether or not the plaintiffs, on or about the 28th day of December 1872, and at different times before the filing of the bill in equity as aforesaid, demanded from the defendant aforesaid, a conveyance of her one-half interest in said lease and wells, and which the defendant has refused, denying her right and interest therein in every way, and whether or not the defendant, John T. Perdue, since the striking of said well, unlawfully desired the title and property of the plaintiff, Mary A. Long, in said described premises, and whether or not the said John T. Perdue refused to convey her interest, the undivided one-half thereof, according to his agreement in pursuance of the trust, and whether or not he did say that the plaintiff has no other or greater interest therein than the repayment by him to her of the money so paid and expended by her, and whether or not said statements, as in said bill in equity contained were true.][1]

---

[1] The paragraphs in brackets were stricken out by court as surplusage.

And the inquest aforesaid, upon their oaths and affirmations aforesaid, do further present: That John T. Perdue, yeoman, late of said county of Butler, not having the fear of God before his eyes, but being moved and seduced by the instigations of the devil, and intending to aggrieve the said George S. Long and Mary A. Long, plaintiffs in the bill of equity as aforesaid, on the 20th day of February 1873, in the county of Butler aforesaid, and within the jurisdiction of this court, did appear before one M. S. Ray, one of the justices of the peace in and for said county aforesaid, and then and there did exhibit and produce to said M. S. Ray, justice of the peace as aforesaid, the printed answer of him, the said J. T. Perdue, to the said bill in equity of said George S. Long and Mary Ann Long as aforesaid, and was then and there sworn in due form of law by the said M. S. Ray as aforesaid, and then and there did take his corporal oath, with uplifted hand, that the facts contained in his said answer as aforesaid, to the bill of said plaintiffs as aforesaid, were correct and true, which said oath was then and there administered by M. S. Ray, justice of the peace as aforesaid, he, the said M. S. Ray, having full power and competent authority to administer the oath, and the said John T. Perdue being so moved as aforesaid, did then and there, knowingly, falsely, corruptly, wilfully, injuriously and maliciously answer, swear and depose, before the said M. S. Ray, justice of the peace as aforesaid, amongst other things, in substance as follows: That Mary A. Long, being the plaintiff in said bill, was not an equal and joint owner of a leasehold estate on the widow Smith farm described in said bill, containing eight and one-quarter acres, with John T. Perdue, and that said leasehold, obtained from A. C. Gibson and others, was not obtained by, through or for use, or account of Mary A. Long and George S. Long, or either of them, and that said leasehold was, by their direction, wholly denied; also that the said George S. Long and Mary A. Long, or either of them, did not demand from John T. Perdue, defendant in said bill, the one-half interest in and to said leasehold on the widow Smith farm, containing eight and one-quarter acres, that the said plaintiffs, George S. Long and Mary A. Long, are not entitled to the title or possession of said leasehold, whereas in truth and in fact he, the said John T. Perdue, then and there well knew the said Mary A. Long, plaintiff in said bill of equity as aforesaid, was an equal and joint owner of said leasehold estate on the widow Smith farm described in said bill, containing eight and one-quarter acres, with the said John T. Perdue, defendant, therein, whereas in truth and in fact, as he, the said John T. Perdue, then and there well knew that the said leasehold estate on the widow Smith farm, obtained from A. C. Gibson and others, was obtained by, through or for use or account of Mary A. Long and George S. Long, and for either of them, and that said leasehold as aforesaid, was obtained by the direction of said plaintiffs, George S.

[Perdue *v.* Commonwealth.]

Long and Mary Ann Long, whereas in truth and in fact as he, the said John T. Perdue, then and there well knew, that George S. Long, by request of Mary A. Long, and the said Mary A. Long, did demand from John T. Perdue one-half interest in and to said leasehold, containing eight and a quarter acres, on the widow Smith farm ; and whereas, in truth and in fact, the said plaintiffs, George S. Long and Mary A. Long, were entitled to the title, possession and conveyance of one-half of the leasehold on widow Smith farm, as in said bill mentioned.

And the inquest aforesaid, inquiring as aforesaid, upon their oaths and affirmations aforesaid, do further present : That J. T. Perdue, yeoman, of said county of Butler, on the twentieth day of February, in the year of our Lord one thousand eight hundred and seventy-three, with force and arms, in the county of Butler aforesaid, and within the jurisdiction of this court aforesaid, before the said M. S. Ray, justice of the peace as aforesaid, upon his oath aforesaid, by his own act and consent, and of his own most wicked and corrupt mind and disposition in manner and form aforesaid, did unlawfully, knowingly, falsely, wickedly, maliciously, wilfully and corruptly commit wilful and corrupt perjury, contrary to the form of the Act of the General Assembly, in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

On June 10th 1878 the defendant moved to quash the indictment for the following reasons : 1. The information does not sustain the indictment.     2. There is no offence of perjury laid in the indictment.     3. There is no legal certainty in the indictment. 4. The indictment attempts to charge perjury in the defendant's swearing to an answer to a bill in equity before a justice of the peace; for this perjury will not lie.     5. The indictment attempts to charge perjury in the defendant's swearing to an answer to a bill in equity; perjury will not lie.     6. Other reasons, apparent on the face of the indictment and information.     7. Additional reason : There is no averment that the court took judicial cognisance of the bill in equity, or by any judicial order required the defendant to answer thereto.

The court overruled the motion to quash, and after a trial the prisoner was convicted on June 18th 1878. A new trial upon terms was granted September 21st 1878.

On March 17th 1879 a motion in arrest of judgment and to quash indictment was renewed and argued.

On March 18th the court directed a motion to amend the bill of indictment by striking therefrom as surplusage the allegation in the bill "that there was a judicial proceeding before M. S. Ray, in which George S. Long and wife were plaintiffs and John T. Perdue defendant," and the first allegation, "that it became and was a material question in the trial of the issue in said judicial proceeding."

[Perdue *v.* Commonwealth.]

On June 18th 1879 there was a trial and a verdict of guilty in manner and form as indicted; and on June 25th defendant was sentenced to pay a fine of $500 to the Commonwealth and costs of prosecution, and undergo an imprisonment at labor in the Western Penitentiary for the period of three years.

On June 26th 1879 a writ of error was allowed by the Hon. JAMES P. STERRETT, of this court, and on July 1st 1879 the defendant took this writ, and alleged that the court erred, inter alia, as follows: 1. In refusing to quash the bill for reasons filed June 10th 1878. 2. In amending the bill. 3. In refusing the motion in arrest of judgment and striking out the amendment to the bill. 5. In directing the motion to amend the bill, when not asked by the Commonwealth and not desired by the defendant, to strike from the bill the allegation " that there was a judicial proceeding before M. S. Ray, in which George S. Long and wife were plaintiff and John T. Perdue defendant," and the allegation " that it became and was a material question in the trial of the issue in said judicial proceeding." 6. In striking from the bill of indictment as surplusage the parts enclosed in brackets. 7. In refusing the motion in arrest of judgment and passing sentence on defendant.

*J. M. Thompson, L. Z. Mitchell, E. R. Eckley* and *Newton Black,* for plaintiff.—The indictment was irregularly found and the action of the grand jury was void. The amendments were illegal. It was the duty of the court to quash or refuse to quash, but we submit it was not within its power to make a new bill even out of the old material. Are these allegations which have been treated as surplusage material ? It would seem that the pendency of a judicial proceeding and its forms were of prime importance. Why, then, strike them out? It will not do to say the pleader made a mistake. How do we know ? No affidavit is filed, no motion made, no reason assigned, and yet matter of the greatest materiality is struck out by a dash of the pen, and an indictment fatally defective is sought to be restored to life by judicial action six years and more after the commission of the alleged misdemeanor. Against all this the defendant has protested, step by step, and now submits whether an indictment must not emanate from a grand jury alone, and that it was not in the power of the court to patch up and amend where it is materially defective, and then force him to trial for a high crime involving his liberty and his rights as a citizen.

*W. A. Forquer,* District Attorney, *Lev. McQuistion & S. F. Bowser,* for the Commonwealth.—The indictment was good without the amendment, and Perdue was not prejudiced in his defence to the merits by the amendment. He knew what he

[Perdue v. Commonwealth.]

was called upon to answer. The court simply treated the matter in the indictment as surplusage. They did not strike it out. By treating the alleged defective portion of the indictment as surplusage, it still charges in apt and sufficient words the offence in technical language and with substantial certainty and precision. Courts of justice are disposed to treat as surplusage all erroneous and improper averments in indictments, when the residue of the allegations set out the offence in technical language and with sufficient certainty : Commonwealth v. Hunt, 4 Pick. 252 ; Commonwealth v. Pray, 13 Id. 359 ; Commonwealth v. Randall, 4 Gray 36 ; Commonwealth v. Simpson, 9 Metc. 138. It is obvious that the offence designed to be is charged in this indictment, and although it may contain expressions not appropriate in the description, they could not have misled the defendant therein as to the charge he was called upon to answer and did not render the indictment defective.

Mr. Justice GREEN delivered the opinion of the court, January 3d 1881.

The plaintiff in error having been convicted upon two separate trials, we are bound to presume that upon the merits of the case his guilt was clearly established. It is of course very desirable in such cases to sustain the proceedings if it can be done. Animated by such a purpose we have expended valuable time, which we could poorly afford to spare, in an effort to sustain the indictment in this case. But it has proved a hopeless task, and with reluctance we are compelled to reverse the judgment on the sole ground that the indictment is utterly inadequate. It is written in flagrant disregard of the rules of grammar and of rhetoric. But for such defects we would not reverse if we were able to eliminate from it a definite statement of a positive offence. But that can not be done. Certain portions of the indictment are claimed to have been stricken out by the court, in the history of the case printed by the plaintiff in error, and these portions are indicated by brackets around them, and a pen stroke across them. The docket entries are not clear on this subject, but they partially sustain the allegation, and the counter statement for the Commonwealth contains no denial of it. We, therefore, assume it to be true. The contents of the indictment indicate an attempt to charge the defendant with the commission of perjury in an answer to a bill in equity. The first paragraph of the bill is a recital with a beginning but without an ending. As it was originally drawn, and as found by the grand jury, it recited a judicial proceeding before a justice of the peace, in which Long and wife were plaintiffs and Perdue was defendant, " in which judicial proceeding the said George S. Long and Mary A. Long had previously exhibited and filed their bill in equity as plaintiffs, in the Court of Common Pleas of said county of Butler, at equity, No. 1, March

Term" 1873, &c.   This was such a confused and contradictory medley that the court below, of its own motion, struck out the allegation of a judicial proceeding before the justice.   As thus amended, the first paragraph is in the following form : " That at a certain judicial proceeding—in which judicial proceeding, George S. Long and Mary A. Long were plaintiffs, and John T. Perdue defendant, late of said county, yeoman, in which judicial proceeding," the plaintiffs had filed their bill in equity, and, among other things, stated that the defendant held a certain lease in trust for himself and the said Mary A. Long, of a piece of land on the Smith farm, on which an oil well was struck, which the defendant subsequently claimed as his own, and refused to recognise any interest of Mrs. Long therein, and that a conveyance of her interest was demanded and refused by the defendant, and there stops.   Immediately following this in the bill of indictment as originally drawn and found by the grand jury, was an averment that, " on the trial of the said issue between the parties as aforesaid," although no issue whatever between any parties had been previously described or in any manner mentioned or referred to, a certain material question arose.   The whole of this part of the indictment was stricken out by the court.   The reason for this probably was, that the only " issue" to which this averment could possibly relate was an issue in the judicial proceeding before a justice of the peace ; but as the subject-matter of the proceedings had been described as a bill in equity relating to a lease of land, it was impossible that a justice of the peace could have jurisdiction of such a proceeding, and as it was extrajudicial no amount of false swearing committed in the course of it could be the subject of an indictment.   But whatever may have been the reason for striking out this portion of the indictment, there was no longer remaining in it an averment of any issue or of any material fact in controversy between the parties.   The next following, being the third paragraph of the indictment, alleges in substance, though overloaded with redundant words, that the defendant, on the 20th of February 1873, appeared before the same justice of the peace before named, and produced his printed answer to the aforesaid bill in equity, and made oath that the facts contained in the answer were true.   This is the only and the last allusion to the answer or to the facts therein contained and set forth, that is to be found in the indictment.   There is no allegation that the facts set forth in the answer were in any respect false or untrue, or that they were in any degree material to the determination of any matter in controversy between the parties.   There are further averments in the indictment.   They are introduced as follows : " And the said John T. Perdue being so moved as aforesaid, did then and there knowingly, falsely, corruptly, wilfully, injuriously and maliciously answer, swear and depose, before the said M. S. Ray, justice of the

[Perdue v. Commonwealth.]

peace as aforesaid, amongst other things in substance, as follows : ' That Mary A. Long, being the plaintiff in said bill, was not an equal and joint owner of a leasehold estate,' " &c., &c., to the end. This is an allegation that Perdue testified or deposed *before the justice* to the facts set out in the remainder of the indictment. It is in no respect an allegation that those or any other facts were contained in the printed answer. Of course the justice had no power to take any such testimony, except upon a proper rule or commission to take depositions, of which there is no pretence. It is amazing, but it is the fact, that the indictment does not even allege that the defendant's oath before the justice to the truth of the facts set forth in the answer was a false oath. So that in reality, although this instrument purports to be an indictment for perjury in an answer to a bill in equity, it does not contain a solitary averment, intimation or innuendo that any fact set forth in the answer was false or untrue in any particular. It is lamentable that the county of Butler should have been subjected to the annoyance and expense of two criminal trials upon so worthless a paper as this. It should have been quashed at once upon the hearing of the first motion to that effect, and it will be the duty of the court below to quash it now. It is impossible for us to sustain a conviction founded upon such an instrument.

Judgment reversed, and record remanded with this opinion setting forth the cause of reversal to the Court of Quarter Sessions of Butler county for further proceedings.