CASE 3—INDICTMENT—SEPTEMBER 20.

# Commonwealth v. Hart.

APPEAL FROM RUSSELL CIRCUIT COURT.

CONVICTION UPON TESTIMONY OF SINGLE WITNESS.—There can be no conviction for any offense under chapter 41 of the Kentucky Statutes, entitled "Elections," upon the testimony of a single wit-ness unless supported by strong corroborating circumstances. It was, therefore, error in this case to permit the conviction of appellant of the offense of furnishing spirituous liquors on an election day, there being no testimony except that of the person to whom the liquor was furnished.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND J. C. MUNCIE, FOR APPELLANT.

The provision of section 1594 of the Kentucky Statutes, requiring strong corroborating circumstances in order to convict upon the testimony of a single witness, applies only where the charge is bribery in elections.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

On the 21st of February, 1895, the grand jury of Russell county returned an indictment against Dock Hart, accusing him of the offense of furnishing spirituous liquors to J. C. Isbell on the 21st of May, 1894, being the day of a primary election being then held in said county.

At a subsequent term of the Russell Circuit Court a trial was had, the defendant pleading not guilty. The Common-wealth introduced Isbell and by him proved the offense as charged, but introduced no other proof. Thereupon the de-fendant moved for a peremptory instruction to the jury to find defendant not guilty, which motion was sustained, and under said instruction the jury returned a verdict of not guilty, and the Commonwealth has appealed to this court.

It appears from the record and bill of exceptions that the court below was of opinion that no conviction could be had upon the testimony of one witness alone, and the correctness of that ruling is the only question presented for decision here.

The indictment was found under chapter 41, section 1575 of Kentucky Statutes, which provides a punishment for giving or furnishing spirituous liquors to any one on election or primary election day, and requires the circuit judges to make special mention of the act in their charges to the grand jury. Chapter 41, *supra*, contains many provisions providing for elections and providing punishment for many acts of omission and commission in order to secure free and fair elections. Section 1594 of the chapter 41, being next to the last section in the chapter, is as follows: "In any prosecution under this chapter, it shall be no exemption for a witness that his testimony may criminate himself; but no such testimony given by a witness shall be used against him in any prosecution, except for perjury; and if used on behalf of the Commonwealth, he shall stand discharged from all penalty for any violations of this chapter, so necessarily disclosed in his testimony, as tending to convict the accused. But the jury shall never convict any one, under the provisions of this chapter, upon the testimony of a single witness, unless sustained by strong corroborating circumstances."

It is suggested that the legislature only intended to require more than the evidence of one witness to convict in cases where the witness was also guilty of an offense, but if such was the intent of the law it is not so expressed.

The statute plainly and explicitly requires more proof than the testimony of a single witness. The peremptory instruction was proper and the judgment of the court below is therefore affirmed.