## Commonwealth v. Tracenrider.

(Decided November 18, 1910.)

Appeal from Taylor Circuit Court.

Criminal Law—False Swearing—Indictments—Demurrer Improperly Sustained.—An indictment against T. for perjury in "falsely testifying 'that he was not at Morton's Chapel in July, 1909, and did not disturb a congregation there assembled and engaged in the worship of God, by loud talking and being drunk, and that he was not at Morton's Chapel during the month of July, 1909, he well knowing at the time he so testified that he was at said chapel in July, 1909, and disturbed the congregation there assembled, by being drunk and talking loud, the matter so testified to being material, and the testimony being willfully and corruptly false, and so known to be by said T.," was a good indictment, and a demurrer thereto was improperly sustained.

C. S. HILL, JAMES BREATHITT, Attorney General, and TOM McGREGOR, Asst. Attorney General, for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

The grand jury of Taylor county indicted Lloyd Tracenrider for the crime of perjury. A demurrer was sustained to the indictment and the indictment dismissed. To review the propriety of this ruling the Commonwealth appeals.

The indictment is as follows:

"The grand jury of Taylor county, in the name and by the authority of the Commonwealth of Kentucky, accuse Lloyd Tracenrider of the crime of perjury, committed as follows, viz.: The said Lloyd Tracenrider, on the 10th day of January, 1910, and before the finding of this indictment, in the county and commonwealth aforesaid, did unlawfully, falsely, willfully and knowingly, on his examination as a witness in his own behalf after being duly sworn by the judge of the Taylor circuit court to testify the truth, the whole truth and nothing but the truth on his trial under indictment No. 1210 of the Commonwealth of Kentucky against said Lloyd Tracenrider, on the charge of unlawfully interrupting and disturbing a congregation of persons met for and engaged in the worship of God at Morton's Chapel church on July ——, 1909, by then and there talking loud and being drunk, and said judge having the authority to administer such oath; that said Lloyd Tracenrider feloniously, falsely and corruptly testified that he was not at said Morton's Chapel church at any time during said month of July, 1909, and

did not on the third Sunday in July, 1909, or on any other
Sunday or day in July, 1909, disturb a congregation of
persons met for and engaged in the worship of God at
Morton's Chapel church by talking loud and being drunk;
that he was not there at all in July, 1909; the said Lloyd
Tracenrider well knowing at the time of giving such tes-
timony that he was at said Morton's Chapel church in
July, 1909, and on the third Sunday in July, 1909, dis-
turbed the congregation of persons then and there en-
gaged in the worship of God at said Morton's Chapel
church by then and there talking loud and being drunk,
the matters so testified being material and the testimony
being willfully and corruptly false and so known to be
by said Lloyd Tracenrider; contrary to the form of the
statutes in such cases made and provided, and against the
peace and dignity of the Commonwealth of Kentucky.''

The necessary averments in an indictment for per-
jury are set forth in section 134 of the Criminal Code,
which is as follows:

''In an indictment for perjury, or subornation of
perjury it is sufficient to set forth the substance of the
controversy or matter in respect to which the offense was
committed, and in what court and before whom the oath
alleged to be false was taken, and that the court or the
person before whom it was taken had authority to ad-
minister it, with proper allegations of the falsity of the
matter on which the perjury is assigned; but the indict-
ment need not set forth the pleadings, record or proceed-
ings with which the oath is connected, nor the commis-
sion or authority of the court or person before whom the
perjury was committed.''

It seems to us that the indictment in question fully
complied with the foregoing provisions of the Criminal
Code and with the opinions of this court construing the
same. It is true, the indictment does not state that the
matters testified to by appellee were material to the
issue. It does state, however, that they were material.
In addition to this, the facts stated in the indictment con-
clusively show that the matters testified to were material.
The rule is that the indictment need not aver in so many
words that the testimony was material, but facts showing
the materiality of the testimony must be set out. (Com-
monwealth v. Maynard, 91 Ky. 131.)

The grounds upon which the trial court held the in-
dictment to be defective do not appear in the record. It
is suggested, however, that his action was based upon the

fact that, under the indictment for unlawfully interrupting and disturbing a congregation of persons met for and engaged in the worship of God at Morton's Chapel church, the Commonwealth could have sustained the charge by proving such interruption and disturbance at any time within twelve months next preceeding the finding of the indictment, and that that being true, the testimony of appellee, to the effect that he was not at the church at any time during the month of July and did not then and there disturb and interrupt the congregation by talking loud and being drunk, is not shown to be material to the issue. An examination of the indictment in question, however, will show that appellee was being tried on an indictment charging him with unlawfully interrupting and disturbing the congregation in July, 1909. Having thus specified a time when the offense was alleged to have been committed and having confined it to the month of July, although the Commonwealth might have made out its case by showing that appellee disturbed the congregation at another time within the twelve months next preceding the finding of the indictment, there was necessarily presented an issue as to whether or not appellee was at the church during the month of July and whether or not he interrupted and disturbed the congregation and by testifying that he was not there at all during that month, and did not interrupt and disturb the congregation, he necessarily testified to facts which were material to the issue. The allegations of the indictment with reference to the falsity of the matter testified to are as follows: "The said Lloyd Tracenrider well knowing at the time of giving such testimony that he was at said Morton's Chapel church in July, 1909, and on the third. Sunday in July, 1909, disturbed the congregation of persons then and there engaged in the worship of God at said Morton's Chapel Church by then and there talking loud and being drunk; the matters so testified being material and the testimony being willfully and corruptly false, and so known to be by said Lloyd Tracenrider." In the case of Commonwealth v. Lashley, 25 Ky. Law Rep. 58, similar allegations with reference to the falsity of the matter testified to were held to be sufficient. The appellee would not have well known that he was there at the church during the month of July and that on the third Sunday in the month of July he interrupted and disturbed the congregation, without having actually been there during said month and having interrupted and dis-

turbed the congregation on the occasion referred to.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the indictment.