STATE *vs.* ALVIN L. MARVEL.

(*February* 25, 1924.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Robert G. Houston* and *Clarence A. Southerland*, Deputy Attorneys-General, for the State.

*James M. Tunnell, John M. Richardson* and *J. Frank Ball* for defendant.

Court of General Sessions for Sussex County, February Term, 1924.

No. 12, June Term, 1922.

HARRINGTON, J., delivering the opinion of the Court:

The question is whether this Court committed an error in refusing to grant the defendant's request for binding instructions on the ground that the indictment upon which he was tried was de-

fective, in that it failed to specifically and clearly negative the truth of the testimony alleged to have been given by the defendant before the Register of Wills of Sussex County. The allegation objected to and which applies to each assignment is as follows:

"Whereas, the said Alvin L. Marvel * * * then and there well knew that he did not sign the said will in the presence of William S. Kinney;" etc.

■ It is well settled that the allegations in an indictment should be clear, direct, specific and not argumentative (*Bishop's New Criminal Procedure*, vol. 1, §§ 323, 325, 375, 508; *Res Publica v. Newell*, 3 *Yeates* [*Pa.*] 407, 2 *Am. Dec.* 381, citing 4 *Blackstone's Comm.* 305, 306), its purpose being to clearly apprise the defendant of the distinct charge against him in order that he may prepare his defense. *Wharton on Criminal Prec. of Indts. & Pleas*, § 282; *State v. Dean*, 2 *W. W. Harr.* [*32 Del.*] 290, 125 *A.* 478.

■ The same rules naturally apply in an indictment for perjury (*Russell on Crimes, star page* 644; *Bishop's New Cr. Proc.*, vol. 2, §§ 904, 918, 919), and such an indictment must, therefore, contain specific and particular averments, known as assignments, negativing the truth of the sworn statements on which the indictment is based; a mere general denial of the truth of such statements or a general allegation that the defendant swore falsely not being sufficient. *Archbold's Crim. Pr. & Pl.*, vol. 2, *pp.* 1733, 1734, 1735; *Wharton on Crim. Prec. of Indts. & Pleas*, 282; *Bishop's New Cr. Proc.*, vol. 2, § 919; *Russell on Crimes*, vol. 2, *star pages* 643, 644; *Wharton's Cr. Law*, § 1300; and 124 *Am. St. Rep.* 671, etc.

This rule is well stated in *Archbold's Crim. Prec. & Plead.*, vol. 2, *pp.* 1733 and 1737, as follows:

"The matter sworn to, or some part of it, must be false, or, if a man swear to a fact of which he knows nothing, he is guilty of perjury whether it be true or false, and the indictment must negative the matter sworn to by special averment 'whereas in truth and in fact,' etc., in the same manner, as in an indictment for false pretenses (citing *Page* 464, *Volume* 1. See also, *Rex & Perratt*, 2 *Maule & Sel.* 385, 105 *Eng. Repr.* 422). Of these averments there may be several in the same count according to the number of facts in the defendant's statement which can be proved to be false; and each averment is technically termed as assignment of perjury. * * * If the statement sworn to be of a particular fact, negativing that fact would, of course, be sufficient. But, if the statement be general and the assignment as general in the negative—as if a man swear that he has paid all his debts and the assignment be that he has

not paid all his debts—this would be bad for want of certainty, as it would afford the defendant no information of what was intended to be proved, but the assignment must show in what respect, or in what instances, he has not done so."

Where a defendant in his testimony merely swears as to his belief with respect to certain matters, it is proper not only to aver the falsity of such testimony, but that the defendant knew that it was false. *Bishop's New Cr. Proc.*, vol. 2, § 920; *Wharton's Crim. Prec. Indts. & Pleas*, § 282; *Wharton's Cr. Proc.*, § 1111; *Russell on Crimes*, vol. 2, 643; *Commonwealth v. Cook*, 1 *Rob. (Va.)* 729; *State v. Lea*, 3 *Ala.* 602; *Gibson v. State*, 44 *Ala.* 17; *State v. Coyne*, 214 *Mo.* 344, 114 *S. W.* 8, 21 *L. R. A. (N. S.)* 993. The allegation in the assignment in this indictment as to the defendant's knowledge of the falsity of the testimony given by him was, however, wholly unnecessary. See authorities above cited.

If the allegation as to knowledge had been omitted, or if the allegation had been "whereas, as the said Alvin L. Marvel then and there well knew, he did not sign," etc., or "whereas the said Alvin L. Marvel, as he then and there well knew, did not sign," etc., we think we may safely assume that it would not have been contended that the indictment was defective. See *State v. Loos*, 145 *Iowa* 170, 123 *N. W.* 962; *State v. Brown*, 128 *Iowa* 24, 102 *N. W.* 799; and *Henderson v. People*, 117 *Ill.* 265, 7 *N. E.* 677. It is true that certain fundamental allegations are essential to support a conviction and are not waived by a failure to demur or by a plea of not guilty. *State v. Adair*, 1 *W. W. Harr. (31 Del.)* 558, 117 *A.* 20. For instance, in *Rex v. Hepper*, 1 *Car. & Payne* 608 (11 *E. C. L.* 494), cited in the above quotation from Russell on Crimes, *p.* 1737, the indictment alleged that an insolvent debtor had sworn that his schedule contained a full, true and perfect account of all debts owing to him at the time he petitioned for his discharge, while the assignment alleged "whereas in truth and in fact the said schedule did not contain a full, true and perfect account," without stating what debts he was charged with omitting.

When the case was called and before the jury was sworn, the Court stated that the assignment was so indefinite, that if the defendant should be convicted, the judgment would have to be ar-

rested. Leave was then given to either party to move to quash the indictment.

*Section* 4833, *Rev. Code* 1915, provides:

"In an indictment for perjury, it shall be sufficient to set forth the sub-
stance of the offense charged, stating before whom, or in what court, the oath,
or affirmation, was administered, or taken, the general nature of the cause or
proceedings, with the names of the parties, and proper averments to falsify
the matter wherein the perjury shall be assigned, without setting forth the bill,
answer, indictment, declaration, or any part of any record, either in law or in
equity, other than as aforesaid, and without setting forth the commission,
or authority, of the court, or person, before whom the perjury was committed."

This statute is a substantial copy of the English statute of Twenty-third Geo. II, *Chapter* 11, passed in 1750, which recited that "by reason of difficulties attending prosecutions for perjury and subornation of perjury" those crimes had frequently gone unpunished. *Bishop's Cr. Prac.*, § 906, 124 *Am. St. Rep.* 655.

It is argued that the intent of both the English and Delaware statute was to do away with the prolixity required in indictments for perjury at common law.

Bishop, in his work on *New Criminal Procedure, vol.* 2, §§ 906, 909, calls attention to the fact that the common-law forms for such indictments varied in their phraseology, and intimates that the statute of Geo. II, was little, if any, more than merely declaratory of the existing law. However that may be, as to the statute in the main, it may be well doubted whether the clause providing for "proper averments to falsify the matter wherein the perjury shall be assigned" in any way affects the common law rules or the question before us. See *Rex v. Perrott,* 2 *Maule & Sel.* 385 (105 *Eng. Repr.* 422); *U. S. v. Howard (D. C.),* 132 *F.* 325; *State v. Gallaugher,* 123 *Iowa* 378, 98 *N. W.* 906; *Thomas v. State,* 54 *Ark.* 584, 16 *S. W.* 568.

That question is whether an allegation that "Marvel in truth and in fact * * * then and there well knew that he did not sign" the alleged will as a witness in the presence of Kinney would be so defective for lack of a certain and specific allegation denying the truth of the statements alleged to have been made that a conviction on the indictment could not be sustained, even though the defendant had entered a plea of not guilty and gone to trial

on such indictment. Even if it be conceded, for the sake of argument, that the assignment does not negative the truth of the testimony of the defendant given before the Register of Wills in the same direct and positive manner that was customary in indictments at common law, the most that can be said of the allegation objected to is that it is argumentative. Such a defect is a matter of form and not of substance, and must, therefore, be taken advantage of by special demurrer, or perhaps by motion to quash. *Archbold's Criminal Pr. & Pl., vol.* 2, 1733, 1737; *Gould's Pl. p.* 56; *People v. Clements,* 107 *N. Y.* 205, 13 *N. E.* 782; *Com. v. Cook,* 1 *Rob. (Va.)* 729. See, also, *Reg. v. Parker,* 1 *Carrington & Marshman* 639.

In *People v. Clements, supra,* the Court said:

"Under the common-law system of pleading it was a rule that statements must be certain and positive, and not by way of reasoning or argument, which would lead to the fact intended to be averred; and it was a good objection to a pleading that its allegations were argumentative. But this objection was not one of substance, but only of form, and could only be taken advantage of by special demurrer. It was not available on general demurrer, or on motion in arrest of judgment. *Spencer v. Southwick,* 9 *Johns. R.* [*N. Y.*] 314; *Marie v. Garrison,* 83 *N. Y.* 14, 23. A pleading is deemed to allege what can by fair and reasonable intendment be implied from the facts stated, and a general demurrer for insufficiency was not sustainable on the ground that the facts were argumentatively or otherwise imperfectly * * * stated. The objection to this indictment, if there be any, was that the falsity of the statements sworn to was only argumentatively alleged; but that it was fairly, and even necessarily, to be implied from the facts stated is very clear. The objection goes only to the form of the allegation."

The same general principle was involved in *Reg. v. Parker, supra.* In that case the defendant objected to the admission of certain evidence offered by the government, claiming that the allegations in the assignment part of the indictment were too general to justify its admission; the Court, however, held that while he might have demurred to the indictment, as he failed to do so, the evidence could not be excluded.

It is true that *State v. Gallaugher,* 123 *Iowa* 378, 98 *N. W.* 906, is inconsistent with the conclusion that the allegation objected to is not one of substance. In that case the Court, on appeal, held that an indictment containing similar assignments to the one involved in this case would not sustain a conviction.

We are, however, unable to follow this case, as it fails to distinguish between cases where the indictment was attacked either on demurrer or by motion to quash (*Com. v. Porter* [*Ky.*], 32 *S. W.* 138; *Com. v. Weingartner* [*Ky.*], 27 *S. W.* 815; *Gibson v. State*, 44 *Ala.* 17; *Com. v. Compton* [*Ky.*], 36 *S. W.* 1116), from cases where it was attacked on motion in arrest of judgment (*Perdue v. Com.*, 96 *Pa.* 311; *Henderson v. People*, 117 *Ill.* 265, 7 *N. E.* 677; *Thomas v. State*, 54 *Ark.* 584, 16 *S. W.* 568; *State v. Mace*, 76 *Me.* 64), or on appeal. *Turner v. State*, 30 *Tex. App.* 691, 18 *S. W.* 792; *Thomas v. State*, 51 *Ark.* 138, 10 *S. W.* 193.

Some of the cases relied on were those in which the assignments of perjury consisted of mere general denials (*State v. Nelson*, 74 *Minn.* 409, 77 *N. W.* 223; *Turner v. State*, 30 *Tex. App.* 691, 18 *S. W.* 792; *Gibson v. State*, 44 *Ala.* 17); those in which there was no allegation, whatever, as to the falsity of the statement set forth (*Perdue v. Com.*, 96 *Pa.* 311; *Com. v. Compton* [*Ky.*], 36 *S. W.* 1116), including a case where the validity of a statutory form, containing a mere general allegation giving no information, whatever, to the defendant was involved (*State v. Mace*, 76 *Me.* 64), and those in which questions of evidence to support the indictment were alone involved. *Com. v. Monahan*, 9 *Gray* (*Mass.*) 119; *Thomas v. State*, 51 *Ark.* 138, 10 *S. W.* 193. For instance, in *Com. v. Monahan, supra*, the language of the assignment was unduly specific as to the time when the alleged perjury was committed, and the date was, therefore, held to be material.

But even though the question here had been raised by demurrer, or by motion to quash, it must be conceded that the authorities with respect to the question whether the allegations which appear in this indictment were sufficient, are conflicting.

The weight of authority, however, seems to support the contention of the State that the indictment is good even when directly attacked in that manner.

Pomeroy, in his edition of *Archbold's Crim. Pl. & Prac.*, in a note on *Page* 1734, quoting *State v. Lindenburg*, 13 *Tex.* 27, says:

"An averment that defendant 'well knew' the falsity of the facts to which he testified instead of an averment simply negativing his oath, is good."

In the case quoted by Pomeroy, the question was raised on a motion to quash an indictment, the assignment in which alleged:

"When in truth and in fact, the said Mathias Lindenberg, * * * well knew all the facts constituting the charge in said indictment, and that he then and there well knew that he had seen persons betting money upon a game played upon said table."

The lower court sustained the motion to quash the indictment, but the Supreme Court, in reversing it, in part, said:

"Of the several causes assigned in support of the motion to quash, there is but one which seems to us at all deserving of notice; that is, that in the assignment of the perjury, instead of simply averring the negative of the oath, the indictment, in this connection, also avers the knowledge of the defendant of the matter especially averred as the converse of the oath. Thus, it is averred, that it was a material fact upon the trial that the table was exhibited for gaming; that the defendant falsely swore that it was not so exhibited, and instead of averring simply the negative of the oath, that, in truth, it was so exhibited, the averment is that the defendant 'well knew' that the table was exhibited for gaming. As observed by the Attorney-General, though it was not necessary in connection with the special averment negativing the oath, to aver also the defendant's knowledge, which was elsewhere sufficiently charged, the averment in this connection did not impair the force or effect of the special averment of fact, in which it was introduced; and surely it did not vitiate the indictment."

In *Com. v. Tracenrider*, 140 *Ky.* 660, 131 *S. W.* 495, the perjury relied on was assigned in the following language:

"The said Lloyd Tracenrider well knowing at the time of giving said testimony that he was at said Morgan Chapel Church in July, 1909."

A demurrer to this indictment was sustained by the lower Court, but the Supreme Court of Kentucky reversed the lower Court. It cited *Com. v. Lashley*, 74 *S. W.* 658, and, among other things, said:

"The appellee would not have well known that he was there at the church during the month of July, and that on the third Sunday in the month of July he interrupted and disturbed the congregation, without having actually been there during said month and having interrupted and disturbed the congregation on the occasion referred to."

See, also, to the same effect, *Gabrielsky v. State*, 13 *Tex. App.* 428; *Thomas v. Com.* (1917), 175 *Ky.* 38, 193 *S. W.* 653; *Com. v. Lashley* (*Ky.*), 74 *S. W.* 658; *People v. Clements*, 107 *N. Y.* 205, 13 *N. E.* 782; *Bishop's New Cr. Proc.*, vol. 2, § 920.

The only cases cited by the defendant having any direct bearing on this phase of the case are *State v. Gallaugher*, 123 *Iowa* 378,

98 *N. W.* 906, *supra*, and *Com. v. Weingartner* (*Ky.*), 27 *S. W.* 815, *supra*.

It is true that the question in the Weingartner Case was raised on demurrer, and that an assignment in language very similar to the language appearing in this indictment was held bad, but the only case cited in the opinion of the court was one involving a mere general denial and the later cases in Kentucky, above cited, have apparently departed from the rule laid down by it. The Gallaugher Case has already been commented on.

Our conclusion, therefore, is that the indictment in this case is not only sufficient to sustain the conviction, but that while it might have denied the truth of the testimony given by the defendant in a more direct manner, by the decided weight of authority it would also be good, even though the question had been raised on demurrer or motion to quash.

The application for a new trial is, therefore, refused.