OSCAR OSBACK, PLAINTIFF-APPELLANT, v. TOWNSHIP OF LYNDHURST, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND MARY COLES, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF WILLIAM J. COLES, DECEASED, DEFENDANTS-RESPONDENTS.

Argued June 11, 18, 1951—Decided June 25, 1951.

See also 13 *N. J. Super.* 367, 80 *A.* 2*d* 969.

*Mr. Walter H. Jones* argued the cause for appellant.

*Mr. James A. Major* argued the cause for respondent, Township of Lyndhurst (*Mr. Otto J. Stellato,* attorney).

The opinion of the court was delivered by

WACHENFELD, J.   The plaintiff-appellant was employed by the Township of Lyndhurst as a driver of its fire equipment.   While operating one of the fire trucks for the township in pursuance of his duties, he was involved in a collision with and injured one William J. Coles.

Coles instituted an action but died before it was completed and his wife was substituted as administratrix *ad prosequendum.*   On December 28, 1949, judgment in the sum of $10,675 was recovered against the plaintiff.

*R. S.* 40:51–3 provides:

"Every municipality shall cause to be insured the drivers of its motor cars, trucks and other vehicles, including the drivers of fire and police apparatus, and the drivers of such motor cars, trucks and other vehicles, including· fire and police apparatus which shall be under the control of such municipality, against liability for damages resulting in personal injury or death or damage to property caused by reason of the operation and use of such motor cars, trucks. vehicles and other apparatus.

Such insurance may be issued in the name of the municipality but it shall insure the authorized drivers of such motor cars, trucks and other vehicles against liability for damages to property, in any one accident, to an extent of not less than one thousand dollars and against liability for injuries or death of one person, in any one accident, to an extent of not less than five thousand dollars and against liability for injuries or death of more than one person, in any one accident, to an extent of not less than ten thousand dollars."

The township failed to carry the required insurance and the present suit was instituted to compel it to pay so much of the judgment against the plaintiff as would have been covered by insurance had the township carried liability coverage in accordance with the legislative enactment. The complaint was amended by adding a second count in which Osback asked for a judgment against the municipality in the sum of $10,675.

By consent, the suit proceeded as though Mary Coles, as administratrix *ad prosequendum* of her husband, had a right to intervene as a third-party beneficiary.

The pleadings raised the issue whether or not Osback was an authorized driver for the municipality and the court below found that he was, even though the municipal records were silent as to his appointment to the position for the period in question. The cause was tried by the court, a jury trial having been waived, and we accept its conclusion as to this fact.

Relying primarily upon *Knauer v. Ventnor City,* 13 *N. J. Misc.* 864 (*Cir. Ct.* 1935), to the effect that the neglect or failure of officials to obey the command of the statutes does not of itself create a cause of action against the municipality on behalf of one who suffers a loss by reason of such neglect, the court below found for the defendant and the judgment

entered in its favor is here appealed, being certified on our own motion.

The appellant contends the statute was enacted for the benefit of the public as well as for the benefit of the driver of the municipal apparatus and that the avowed purpose of the law was indemnification of municipal employees for liability imposed upon them under the rule of *Florio v. City of Jersey City,* 101 *N. J. L.* 535 (*E. & A.* 1925), by which they are held liable though the municipality is exonerated. It is urged the obvious legislative intent was to create a public policy whereby no municipal employee or volunteer would have to pledge his personal estate in full for any tortious act committed while in the discharge of public duty, for which he would have to pay but from which the municipality would be immune. He asserts the decision below takes away the benefit of the statute from the two classes of people upon whom it was intended to be conferred.

The authorities cited in support of the appellant's theory seem to have little applicability.

*Knauer v. Ventnor City, supra,* was decided in 1935 and it construed the statute, now *R. S.* 40:51–1, *et seq.,* adopted in 1931, which is here involved:

"The legislature manifestly deemed it expedient to establish in the governmental affairs of such municipalities an administrative policy which would afford the drivers of municipally owned vehicles the designated protection by insurance against the stated liability. The adoption of such a policy was not intended solely for the benefit of the certain individuals who were to be protected by the insurance. It was undoubtedly determined that the adoption of such a policy would be in the public interest. * * * The legislature committed the accomplishment of this protective measure to the governing bodies of the municipalities but did not prescribe any penalty for the failure of the municipal officials to comply with the directions of the statute and did not impose any liability on a municipality in the event that any such driver suffered loss in consequence of the failure of the municipal officials to comply with the terms of the statute. Assuming that the duty of the governing body of the city to insure the drivers of its vehicles was mandatory, it was nevertheless a duty of a governmental character. The neglect or failure of the governing officials to obey the mandate of the statute does not of itself create a cause of action maintainable against the municipality in behalf of one

who was detrimentally circumstanced by the dereliction of the governing officials.

In this action the alleged liability of the city is predicated solely upon the failure and neglect of the city counsel to perform a governmental duty. No such action is maintainable unless afforded by statute. It is appropriately the function of the legislature to authorize the prosecution of a civil action against a municipality by an individual who has suffered injury in consequence of the neglect of the municipal officials to perform a public and governmental duty, if the creation of such a cause of action is deemed proper and expedient. The obligation of the municipality to perform the governmental duty may be imposed by statute but the doctrine still prevails that the neglect of a municipal corporation to perform or its negligence in the performance of a public duty imposed on it by law, is a public wrong and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect."

The merit to the thought advanced by the appellant seems far outweighed by the solidity of this adjudication, made under surrounding circumstances and conditions similar to those existing in the present case. The conclusion there reached was not new but was derived from other decisions over a span of many years. It was expounded more than a century ago in *Freeholders of Sussex v. Strader,* 18 *N. J. L.* 108 *(Sup. Ct.* 1840), and followed in *Cooley v. Freeholders of Essex,* 27 *N. J. L.* 415 *(Sup. Ct.* 1859), and *Livermore v. Freeholders of Camden,* 29 *N. J. L.* 245 *(Sup. Ct.* 1861), affirmed 31 *N. J. L.* 507 *(E. & A.* 1864). In the latter case, Chief Justice Beasley said:

"That an action will not lie in behalf of an individual who has sustained special damage by reason of the neglect of a public corporation to perform a public duty, I consider settled law of this state. This was the doctrine approved of by the Supreme Court, after much research, and a careful consideration of the authorities in the case of *Strader v. The Board of Freeholders,* 3 *Harr.* 108, and the same principle was reaffirmed in the case of *Cooley v. Freeholders of Essex,* 3 *Dutcher* 415. These decisions, in my judgment, rest upon the solid foundation of ancient precedent and public policy."

The doctrine was again recognized in *Pray v. Jersey City,* 32 *N. J. L.* 394 *(Sup. Ct.* 1868), where, disposing of another effort to change the established rule, the court said:

"I consider the question in this state as so entirely settled that it admits of no debate * * * From this review of the decisions, it is quite impossible to avoid the conclusion that the adjudication in *Strader v. Freeholders of Sussex* not only decided that case, but acknowledged and established an important rule of law, which is that the neglects of agents of the public in the discharge of their legitimate functions, cannot constitute the basis of an action in behalf of an individual who has sustained a particular damage. Such neglects are public offences and, must be remedied by indictment."

We are cognizant of the individual hardship which may occasionally befall an employee as a result of a municipality's default in obeying the legislative command. The statute, however, while stating the requirement of public liability insurance in mandatory language, does not provide a remedy for those who may suffer through a failure to comply with its terms. If it had done so, the right to recover would be clear.

Under somewhat similar circumstances, in *Strohmeyer v. Little Ferry*, 136 *N. J. L.* 485 (*E. & A.* 1947), it was said:

"Had the legislature also provided for recovery where a police officer was illegally suspended, the appellant's right to recovery in this case would have been clear; but since no such right has been granted we are obliged to find that the ruling of the learned trial judge in striking the complaint was in all respects proper."

Since no right of action by the appellant against the township existed prior to the statute, and since no such right was specifically created by it, in our opinion the complaint must fall.

We can see no general evil results from, or greatly unbalanced equities arising out of, a continuation of what seems a well fortified rule, 'nor is there a cogent reason why the previous apparently wise adjudications on this subject should be departed from. The judgment below is therefore affirmed.

*For affirmance*—Justices CASE, OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER and ACKERSON—3.