## Commonwealth, Appellant, *v.* Cauffiel.

*Criminal law—Perjury—Indictment under Act of March 31, 1860, P. L. 435.*

Under the Act of March 31, 1860, P. L. 435, as well as the common law, an indictment for perjury must contain an averment that the matter charged as perjury was false.

An indictment which does not aver that the offense was committed in any judicial proceeding pending before any court, or magistrate, or any committee or commission authorized by law to inquire into any matter in controversy, cannot be sustained on the broad ground that it was drawn in the language of the statute prescribing the punishment.

Argued November 10, 1924.  Appeal, No. 23, April T., 1925, by plaintiff, from judgment of Q. S. Cambria Co., Sept. Sessions, 1923, No. 183, quashing indictment for perjury in the case of Commonwealth of Pennsylvania v. Joseph Cauffiel.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictment for perjury.  Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

The court quashed the indictment.  Commonwealth appealed.

*Error assigned* was the decree of the court.

*Clarence E. Davis,* Assistant District Attorney, and with him *D. P. Weimer,* District Attorney, for appellant.

*John M. Freeman,* and with him *Phillip N. Shettig, A. Lloyd Adams, P. W. Cauffiel, H. F. Stambaugh,* and *Francis A. Wolf,* for appellee.

OPINION BY PORTER, J., February 27, 1925:

This is an appeal by the Commonwealth from an order of the court below quashing an indictment.  The contents of the indictment indicate an attempt to charge the defendant with the commission of perjury.  The first paragraph of the bill sets forth that the defendant "unlawfully, willfully and corruptly did take his corporal oath and engagement purporting and intending to say as follows": Then follows four pages of printed testimony, consisting of questions and answers; then follows the second paragraph averring that the "said oath and engagement being duly administered to the said Joseph Cauffiel according to law by the late Honorable Francis J. O'Connor, one of the judges of the Court of Common Pleas  of said County of Cambria, he, the said Francis J. O'Connor then and there having lawful and competent power and authority to administer the same and it being then and there material for the said Francis J. O'Connor to know whether the said Joseph Cauffiel has transferred and conveyed the aforesaid mining claims for a fair and valuable consideration and in good faith."  And this is immediately followed by the conclusion: "That the said Joseph Cauffiel on the day and form aforesaid, at the county aforesaid, and within the jurisdiction of this court, before the Honorable Francis J. O'Connor did in the manner and year aforesaid, then and there un-

lawfully, willfully and corruptly commit willful and corrupt perjury, contrary to the form of the act of general assembly," etc.   The above quotations contain everything in the indictment which has any bearing on its sufficiency to charge the crime of perjury.

The learned counsel for the Commonwealth contends that the ·indictment should be held sufficient under the 11th section of the Criminal Procedure Act of March 31, 1860, P. L. 433, which provides: "Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime, and prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offense charged may be easily understood by the jury."   This argument is not well founded for the reason that the 14th section of the Penal Code of March 31, 1860, P. L. 388, which prescribes the punishment for perjury, does not attempt to specifically define the offense, while it does enumerate a large number of proceedings in which the crime may be committed.   This indictment does not aver that the offense was committed in any judicial proceeding pending before any court, or magistrate, or any committee or commission authorized by law to inquire into any matter in controversy.   The indictment cannot, therefore, be sustained upon the broad ground that it was drawn in the language of the statute prescribing the punishment.   The Act of March 31, 1860, P. L. 435, section 21, prescribes what must be set forth in an indictment charging this offense: "In every indictment for willful and corrupt perjury, it shall be sufficient to set forth the substance of the offense charged, and in what court, or before whom the oath or affirmation was taken, averring such court or person or body to have competent authority to administer the same, together with the proper averment, to falsify the matter wherein the perjury is assigned, without setting forth the information, indictment, declaration or part of any record or pro-

ceeding, other than as aforesaid, and without setting forth the commission or authority of the court, or person, or body before whom the perjury was committed." It is to be observed that this section specifically requires that the indictment must contain "the proper averment, to falsify the matter wherein the perjury is assigned." This provision is declaratory of the common law. "A specific allegation must be made that the matters sworn to were false. To say, 'the said......did then and there knowingly, falsely, corruptly, willfully and maliciously answer, depose, and say,' etc., without the further statement that the oath was a false one, is bad"; Sadler's Criminal Procedure in Pennsylvania, section 284, page 308. "Negation of false matter must be expressed. The general averment that the defendant swore falsely, etc., upon the whole matter, will not be sufficient; the indictment must proceed by particular averments (or, as they are technically termed, by assignments of perjury) to negative that which is false, and it is necessary that the indictment should thus expressly contradict the matter falsely sworn to by the defendant": Wharton on Criminal Law, 11 ed., section 1554; see also 30 Cyc. 1437. Under our statute as at common law, the indictment must contain an averment or averments that the matter charged as perjury was false: Perdue v. Com., 96 Pa. 311. The court did not err in quashing the indictment.

The order is affirmed.